ALVIN G. FRIEDMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Friedman v. Commissioner
Docket No. 7673-83.
United States Tax Court
T.C. Memo 1985-453; 1985 Tax Ct. Memo LEXIS 175; 50 T.C.M. (CCH) 927; T.C.M. (RIA) 85453; August 28, 1985. Alvin G. Friedman, pro se. Johnathan J. Ono, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows *176 [1]: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1977
$7,034.73
$3,517.37
$225.04
1978
9,908.61
4,954.31
316.40
1979
10,230.28
5,115.14
428.30
After concessions, the issues remaining for decision are: 1) Whether petitioner is liable for additions to tax under section 6653(b) [2] for the taxable years 1977, 1978 and 1979 for civil fraud; and (2) Whether petitioner is liable for additions to tax under section 6654 for the taxable years 1978 and 1979 for failure to make estimated tax payments. FINDINGS OF FACT Some of the facts have *177 been stipulated and are found accordingly. At the time the petition was filed in this case, petitioner resided in Las Vegas, Nevada. Petitioner, an electrician, was married and had three children. During the taxable years at issue, petitioner was entitled to claim his wife and three children as dependents. Petitioner filed timely Federal income tax returns for the taxable years 1975 and 1976. During the taxable years 1977, 1978 and 1979, petitioner worked for the following companies receiving the following wages: Employer
Wages
1977
1978
1979
ARC Electric Construction Co, Inc.
$342.90
Cache Valley Electric
$14,773.75
The Howard P. Foley Co.
8,521.50
Jelco, Inc.
12,994.80
27,143.20
8,429.35
The L.E. Meyers Co.
12,301.49
State, Inc.
2,868.63
2,930.60
Wesco Electric Co.
1,509.00
Total Wages
$30,016.82
$30,073.80
$31,724.60
During 1977, petitioner submitted a Form W-4 (Employee's Withholding Allowance Certificate) to three of his employers on which he claimed that he was exempt from Federal income tax withholding for the taxable year 1977. During 1979, petitioner submitted a W-4 form to two of his employers, Cache Valley *178 Electric and Howard P. Foley Co., on which he claimed that he had incurred no liability for Federal income tax for 1978 and that he anticipated that he would incur no liability for income tax for 1979. On or about April 2, 1978 petitioner filed a Form 1040 with the Internal Revenue Service Center in Ogden, Utah for the taxable year 1977. On the Form 1040, petitioner did not report any taxable income and did not provide any information from which his tax could be computed. In the space provided on the Form 1040 for listing one's wages, salaries, tips, and other employee compensation petitioner wrote "Object Self-incrimination." This comment was repeated throughout the Form 1040. Petitioner included with the Form 1040 various protest materials including excerpts from legal opinions and newspaper clippings which he viewed as supporting his Fifth Amendment claim. A similar Form 1040 was filed for the taxable years 1978 and 1979. All of the forms indicated that petitioner's filing status was married/separate. After receiving each Form 1040, respondent informed petitioner by registered mail return receipt requested that the forms were unacceptable as income tax returns. On October 28, 1981, petitioner *179 was indicted in the United States District Court for the Central District of California on two counts of willfully failing to file income tax returns for the years 1978 and 1979 (sec. 7203) and two counts of willfully filing false withholding exemption certificates for 1979 (sec. 7205). On January 11, 1982, he was convicted of the charges. OPINION Petitioner contends that a civil fraud addition should not be assessed in this case since he has already been convicted on criminal charges. In addition, petitioner argues that he lacked the specific intent necessary for a conviction for fraud since he was relying on his interpretation of the law, discerned through his own legal research, that, because of his Fifth Amendment claim, he need not file tax returns. Respondent argues that there is no legal basis for offsetting an addition to tax for civil fraud against a prior criminal conviction. Moreover, respondent contends that petitioner's conduct during the taxable years at issue evidences a clear intent to defraud the Government. We agree with respondent. Section 6653(b) provides that if any part of an underpayment of tax required to be shown on a return is due to fraud an addition *180 to tax equal to 50 percent of the underpayment is to be assessed. The fact that petitioner has been criminally convicted under sections 7203 and 7205 does not preclude a civil assessment. Criminal sanctions contain a punitive element while civil sanctions act primarily as a safeguard for the protection of the revenue and to reimburse the Government for expenses in investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell,303 U.S. 391, 401 (1938); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). Respondent has the burden of proving, by clear and convincing evidence, that there was an underpayment of tax and that some part of the underpayment for each year was due to fraud with intent to evade tax. Section 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Spies v. United States,317 U.S. 492, 499 (1943); United States v. Conforte,624 F.2d 869 (9th Cir. 1980). The existence of fraud is a fact which must be determined on the *181 basis of all facts and circumstances. Estate of Pittard v. Commissioner,69 T.C. 391 (1977). Since direct proof of a taxpayer's fraud is rarely available, circumstantial evidence may be utilized to prove fraud. Rowlee v. Commissioner,supra.The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otuski v. Commissioner,53 T.C. 96, 105-106 (1969). In this case there is clear and convincing evidence that petitioner acted with fraudulent intent. In fact, it is clear that petitioner's actions were motivated by a purpose to avoid the payment of tax. As noted previously, petitioner on several occasions filed false W-4 forms with his employers claiming that he was exempt from tax. Moreover, petitioner filed 1040 forms that reported no taxable income and were unacceptable as tax returns. Petitioner did not remedy the unacceptable returns after being informed by respondent that the returns were unacceptable. It is settled law that a Fifth Amendment claim is an insufficient basis for a failure to file, or to withhold return information. *182 United States v. Sullivan,274 U.S. 259 (1927); United States v. Neff,615 F.2d 1235 (9th Cir. 1980), cert. denied 447 U.S. 925 (1980). Petitioner was clearly aware of his obligation to file returns, report his income and pay taxes as evidenced by his timely filing returns and paying taxes in 1975 and 1976. Petitioner was convicted for criminal violations of sections 7203 and 7205. These convictions represent conclusive evidence that his actions in failing to file tax returns or pay tax, and filing false W-4 forms were willful. Buras v. Commissioner,T.C. Memo. 1985-26. Petitioner's belief that he need not file returns or pay estimated tax was erroneous. Moreover, the sincerity of this belief is marred by the fact that petitioner had filed proper tax returns in 1975 and 1976. See Hebrank v. Commissioner,81 T.C. 640 (1983). Based upon petitioner's conduct in 1977, 1978 and 1979 as presented by the record in this case, we hold that the respondent has, by clear and convincing evidence, proved that there was an underpayment of petitioner's tax which was due to fraud. We must now determine the disposition *183 of the addition to tax under section 6654. Section 6654 provides for an addition to tax in each taxable year in which there exists an underpayment of estimated tax. This addition to tax is mandatory unless petitioner can meet one of the statutory exceptions. Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960); Afshar v. Commissioner,T.C. Memo. 1981-241, affd. by unpublished opinion 692 F.2d 751 (4th Cir. 1982), cert. denied 461 U.S. 928 (1983). Petitioner has the burden of proof on this issue, and he has offered no evidence to bring himself within any of the statutory exceptions. Accordingly, we hold for respondent on this issue. Decision will be entered under Rule 155.
Footnotes
1. Pursuant to agreement of the parties prior to the trial of this case the deficiencies were reduced as follows: Year
Deficiency
1977
$4,158.00
1978
2,074.00
1979
3,768.00
These reductions necessitate an adjustment in the additions to tax. This adjustment is to be made by the parties in accordance with Rule 155, Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the taxable years at issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩