STEVE A. HEBRANK, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 24215–81.    Filed September 26, 1983.

*John F. Driscoll,* for the respondent.

WILBUR, *Judge*: Respondent determined a deficiency of $6,906.70 in the 1979 Federal income tax of petitioner Steve A. Hebrank, and also imposed an addition to tax under section 6653(b)[1] of $3,453.35. The sole issue for our decision is whether any part of petitioner's underpayment in 1979 was due to fraud.[2]

### FINDINGS OF FACT

Petitioner Steve A. Hebrank lived in Riverview, Fla., when the return and the petition in this case were filed.

Petitioner was a pipefitter, and in 1979 earned $28,416.64 from various employers. During 1979, he filed W-4 forms on which he claimed to be exempt from Federal withholding. The statements were signed under penalties of perjury. On March 21, 1980, petitioner completed a Form 1040A for tax year 1979. He reported that his income from wages, tips, salaries, etc.,

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years at issue.

[2]Petitioner was found liable for the asserted deficiencies by an order entered on respondent's motion for partial summary judgment. Entry of decision was held in abeyance until a determination was made on the sec. 6653(b) addition to tax.

was zero. Attached to the form were W-2 statements; the figures in box 10 ("wages, tips, other compensation") had been obliterated. He claimed that the Federal income tax withheld—$864.99—should be refunded to him. Mr. Hebrank attached an affidavit in which he claimed a refund of his 1979 taxes, and swore that the "amounts * * * shown on employer's Forms W-2 for tax year 1979 do not reflect the correct amount includable in gross income." Also appended to the return were copies of a "Request for Corrected Form W-2 Wage and Tax Statement" sent by petitioner to his employers. This "notice" stated that (a) the amounts shown on the Form W-2 did not properly reflect amounts includable in gross income; (b) the amount shown in box 10 should be corrected to comply with sections 71 through 84 of the Internal Revenue Code; (c) the amount shown in box 2 should be corrected to show the proper amount of FICA wages includable in gross income; and (d) the amount of FICA wages erroneously withheld should be returned to S. A. Hebrank.

On October 3, 1980, petitioner filed an amended return for tax year 1979. On this "return" he reported that he was entitled to a refund of $2,605.01 comprised of $1,740.02 in excess FICA tax, and $864.99 of Federal income tax.

Petitioner Hebrank did not file a return for 1980. He filed a Form 1040 in 1981 that was similar to the one he filed for 1979.

In February 1981, respondent's agent contacted petitioner about his 1979 tax liability. Mr. Hebrank never appeared for the scheduled conference, nor did he supply the documents requested by respondent. Petitioner did not appear at trial.

Petitioner filed a return and paid income tax in 1976. In 1977 and 1978, he submitted false W-4's, and failed to file adequate returns. He was found liable for deficiencies and additions to tax under section 6653(b) for 1977 and 1978 in *Hebrank v. Commissioner*, T.C. Memo. 1982–496.

OPINION

Petitioner Steve A. Hebrank failed to file an adequate return in 1979, filed W-4 forms claiming exemption from Federal withholding tax, requested that his employers send him "correct" W-2 statements, and submitted an affidavit to respondent claiming that he was entitled to a refund of all

taxes withheld by his employers. Respondent contends that these actions constitute fraud, and says petitioner is liable for the addition to tax under section 6653(b). We agree with respondent.

The existence of fraud is to be determined from consideration of all the facts and circumstances. *Stratton v. Commissioner*, 54 T.C. 255, 284 (1970). Respondent bears the burden of proof and must show clear and convincing evidence of each element of fraud. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; *Stratton v. Commissioner, supra*. He must show that the taxpayer intended to commit fraud, which has been described as an "intentional wrongdoing * * * motivated by a specific purpose to evade a tax known or believed to be owing." *Stoltzfus v. United States*, 398 F.2d 1002, 1004 (3d Cir. 1968); *Webb v. Commissioner*, 394 F.2d 366 (5th Cir. 1968). The elements to be shown are (1) an underpayment of tax, and (2) that some part of this underpayment was due to fraud. *Plunkett v. Commissioner*, 465 F.2d 299, 303 (7th Cir. 1972). By order dated August 31, 1982, this Court found that petitioner had underpaid his tax in 1979. We need, therefore, only to determine whether any part of such underpayment was due to fraud.

We believe that petitioner knowingly submitted false information when he filed a W-4 claiming exemption from Federal withholding. Mr. Hebrank had paid taxes in the past, and must have known that he, like all other citizens, was required to pay Federal income tax. By stating that he anticipated no liability in 1979, petitioner knowingly gave false information to the Federal Government, resulting in inaccurate W-2 forms that were filed with and as a part of his "return."

Second, we find that the evidence produced by respondent shows that petitioner intended to evade tax in 1979. The form he filed did not constitute an adequate return. *Reiff v. Commissioner*, 77 T.C. 1169, 1177 (1981). Failure to file is not conclusive evidence of fraud, but is a factor worthy of consideration, particularly when coupled with the submission of a false Form W-4. *Habersham-Bey v. Commissioner*, 78 T.C. 304 (1982).[3]

---

[3]See also *Hebrank v. Commissioner*, T.C. Memo. 1982-496.

Also, petitioner Hebrank deliberately obliterated some of the information on the W-2 form he attached to his "return." In so doing, petitioner altered the document so as to mislead respondent, and to make respondent's job of monitoring compliance more difficult. Petitioner quite clearly knew that he owed tax on this wage income, since otherwise this step would have been unnecessary.

This is simply the second chapter to *Hebrank v. Commissioner*, T.C. Memo. 1982–496, 44 T.C.M. 978, 51 P-H Memo T.C. par. 82,496. We do not believe that *Raley v. Commissioner*, 676 F.2d 980, 983, 984 (3d Cir. 1982), revg. on this issue T.C. Memo. 1980–571, involving similar though less flagrant facts, is at war with the conclusions we have reached in both *Hebrank* chapters. The Third Circuit noted that the Government "presented a substantial case" and that without more it "might be inclined to agree with the Government that Raley intended to defraud the Government." However, evidence that Raley "went out of his way to inform every person involved in the collection process that he was not going to pay any federal income taxes" was considered "sufficient to 'dilute' the Government's case." *Raley* is thus an unusual case, and sufficiently distinguishable from the instant case, where there is no *Raley*-like pattern of notification, to make it unnecessary in the present context to decide whether we will follow the Third Circuit's reversal. See *Rowlee v. Commissioner*, 80 T.C. 1111 (1983).[4]

In *Helvering v. Mitchell*, 303 U.S. 391, 401 (1938), the Supreme Court wrote that:

> The remedial character of sanctions imposing additions to a tax has been made clear by this Court in passing upon similar legislation. They are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. * * *

In light of this purpose, we find the addition to tax for fraud to be appropriate. By filing false withholding statements, petitioner disrupted the orderly process of tax collection. In failing to file an adequate return, and to comply with requests for

---

[4]See also *Jenny v. Commissioner*, T.C. Memo. 1983–1; *Hindman v. Commissioner*, T.C. Memo. 1983–389; *Chaffin v. Commissioner*, T.C. Memo. 1983–394.

documentation, he forced respondent's agents to search him out and to discover the sources of his income.

We are not so naive as to believe that in 1977 petitioner was struck with the realization that he, unlike all other wage earners, no longer had to pay tax. We believe, to the contrary, that petitioner Hebrank decided to thwart the tax system so as to evade payment of a tax he knew he owed. This behavior under the facts before us is clearly fraudulent.

*Decision will be entered for the respondent.*