MARK CHRISTMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Christman v. Commissioner
Docket No. 17902-82.
United States Tax Court
T.C. Memo 1985-186; 1985 Tax Ct. Memo LEXIS 447; 49 T.C.M. (CCH) 1247; T.C.M. (RIA) 85186; April 16, 1985. *447 Held. respondent's determination that petitioner is liable for the addition to tax under sec. 6653(b), I.R.C. 1954, sustained. Mark Christman, pro se. Arlene A. Blume, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated April 15, 1982, respondent determined that petitioner is liable for deficiencies and additions to tax as follows: Addition to tax under
Year
Deficiency
sec. 6653(b)
sec. 6654
1978
$470.00
$235.00
$15.04
1979
1,020.00
510.00
32.64
1980
144.00
72.00
9.28
The sole issue remaining for our *448 decision is whether petitioner is liable for the addition to tax for fraud under section 6653(b), I.R.C. 1954. FINDINGS OF FACT None of the facts have been stipulated. However, petitioner having failed timely to respond or object to respondent's Requests for Admissions, the facts set forth therein have been deemed admitted and conclusively established pursuant to Rule 90(c) and (e), Tax Court Rules of Practice and Procedure.[1]
Petitioner, Mark Christman, resided at 4513 Timberly Drive, Jefferson, Maryland, at the time he filed his petition herein. Petitioner is a high school graduate, who attended college for a couple of years. Petitioner was hired by I.T.E. Imperial Corporation (ITE Imperial) on March 27, 1978. He received compensation of $6,116.94 and $4,273.92 from ITE Imperial during 1978 and 1979, respectively. On March 27, 1978, April 16, 1978, September 22, 1978 and March 22, 1979, petitioner executed and filed with ITE Imperial, Forms W-4, claiming to be exempt from withholding and certifying in each that he had incurred no Federal income tax liability for the prior year *449 and anticipated incurring no such liability for the current year. In 1978 the personnel manager for ITE Imperial, Catherine Hall, explained to petitioner that petitioner could not claim exemption from withholding if he anticipated earning over $2,200 for the year. According to Ms. Hall, petitioner responded that he understood but nevertheless wanted no Federal income tax to be withheld. Accordingly, ITE Imperial did not withhold Federal income taxes from the compensation it paid to petitioner in 1978 and 1979. While employed at ITE Imperial, petitioner also requested that no social security be withhold from his wages. However, petitioner was informed that employers are required under Federal regulation to withhold social security taxes from all employees. Petitioner terminated his employment with ITE Imperial in June 1979 and shortly thereafter was hired by Digital Systems Corporation (Digital Systems) and American Verneir Corporation (American Verneir). [2] In 1979 petitioner received compensation from Digital Systems and American Verneir of $2,552.90 and $2,389.58, respectively. In 1980 petitioner received compensation from American Verneir of $4,340.85. On June 11, 1979 and *450 March 5, 1980, petitioner executed and filed with his employers, Digital Systems and American Verneir, Forms W-4, claiming to be exempt from withholding and certifying in each that he had incurred no Federal income tax liability for the prior year and anticipated incurring no such liability for the current year. Accordingly, neither Digital Systems nor American Verneir withheld Federal income taxes from the compensation they paid to petitioner. Petitioner terminated his employment with these corporations upon learning that they would not comply with his request to cease withholding social security taxes from his wages. At the time petitioner filed the Forms W-4 with his employers during 1978, 1979, and 1980, he knew that he was not exempt from taxation and withholding under the Internal Revenue Code. For each of the years in question, petitioner's employers timely provided to petitioner Forms W-2, showing the amount of compensation paid to petitioner in each of those years. Although petitioner knew that he was required to file Federal income tax returns for the years 1978, 1979, and 1980 at the time those *451 returns were due, petitioner mailed to the Internal Revenue Service documents that purported to be Federal income tax returns but that contained no information from which petitioner's income for those years or the tax due could be determined. After petitioner filed his petition in this case, respondent's Appeals Office in Baltimore, Maryland made several attempts to schedule a hearing with petitioner for the purpose of trying to settle the case without trial. Petitioner did not appear at the scheduled hearings, whereupon his case was returned to respondent's District Counsel for trial preparation. On February 25, 1983 respondent's counsel sent petitioner a letter, addressed to him at 4513 Timberly Drive, Jefferson, Maryland, the address petitioner had on record with this Court. In that letter, respondent's counsel invited petitioner to a conference to be held on March 4, 1983 for purposes of discussing stipulations to be submitted to the Court, a proposed set of which was enclosed with the letter. Respondent's counsel failed to receive a timely response to this letter. By letter dated March 9, 1983, this Court advised petitioner to communicate and cooperate with respondent *452 in preparing for trial. By letter dated March 12, 1983, petitioner informed respondent's counsel that he had changed his address and that he could not discuss the proposed stipulations without counsel. However, he stated that he would send the proposed stipulations to counsel the week of March 14, 1983. By letter dated March 17, 1983 and sent to petitioner at his new address, respondent's counsel invited petitioner, with or without counsel, to a conference to be held on March 25, 1983 for the purpose of discussing the proposed stipulations. Petitioner did not appear at the conference or otherwise respond to the letter. Petitioner failed to appear for the calendar call of his case at the trial session of this Court on April 4, 1983. By order dated October 7, 1983, this Court, on respondent's motion, dismissed petitioner's case, insofar as it related to the income tax deficiencies and additions to tax under section 6654, for failure properly to prosecute. The Court also restored the case to the general docket for trial on the section 6653(b) issue. On December 1, 1983 respondent served on petitioner Requests for Admissions pursuant to Rule 90. Petitioner did not respond *453 to said requests within 30 days after service as required by our Rule 90(c). He did respond to the requests on January 7, 1984; however, his responses were insincere and knowingly frivolous, ranging from the stock assertion that he is not a person required under the Code to file an income tax return because he cannot be required to do something that is voluntary to the assertion that "[t]heI.R.S. and it's [sic] personnel are the ones who are attempting to fraudulently extort money from Petitioner." Petitioner did not appear at the trial on the section 6653(b) issue. At that trial the Court ruled that the facts set forth in respondent's Requests for Admissions were deemed admitted under Rule 90(c) for failure to respond timely to said requests. OPINION Fraud, for purposes of the section 6653(b) addition to tax, has been defined as an intentional wrongdoing with the specific intent to evade a tax believed to be due and owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Powell v. Granquist,252 F.2d 56, 60 (9th Cir. 1958). The addition *454 to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell,303 U.S. 391, 401 (1938); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). Respondent has the burden of proving, by clear and convincing evidence, that some part of an underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F. 2d 1383 (8th Cir. 1978). Fraud is never presumed; rather, it must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence. Spies v. United States,317 U.S. 492 (1943). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); *455 Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Having considered all of the evidence before us, including those facts deemed admitted pursuant to Rule 90(c) by petitioner's failure to respond timely to respondent's Requests for Admissions, we conclude that respondent has established by clear and convincing evidence that there was an underpayment of tax in each of the years in issue and that at least some part of the underpayment for each of those years was due to fraud. The evidence before us reveals that petitioner was reasonably well educated and was aware of his responsibility of filing proper income tax returns. However, despite the receipt of compensation in 1978, 1979, and 1980, he filed forms not constituting returns for those years. In addition, although petitioner knew full well that he was not entitled to claim exemption from withholding, he nevertheless filed Forms W-4 in each of those years, so claiming to be exempt. As a result, no Federal income taxes were withheld from his compensation during 1978, 1979, and 1980. A pattern of nonfiling, when coupled with affirmative evidence of intent to defraud, warrants imposition of the addition to tax *456 for fraud. Stoltzfus v. Commissioner,supra at 1004-1005; Grosshandler v. Commissioner,75 T.C. 1, 19 (1980). In addition, as we have held on numerous occasions, the filing of false withholding certificates is evidence of fraud. Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Rowlee v. Commissioner,supra at 1125-1126; Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), affd. 748 F.2d 332 (6th Cir. 1984); Habersham-Bey v. Commissioner,78 T.C. 304, 313 (1982). Petitioner's proclaimed belief that he is not a person required under the Code to file a tax return because he cannot be required to do something that is voluntary is wholly unpersuasive in view of the plethora of judicial decisions rejecting petitioner's economic theories of taxation as devoid of merit. In addition, we consider petitioner's persistent refusal to cooperate with respondent and with this Court in an effort to determine his correct tax liability as further significant evidence of fraudulent intent. In light of the foregoing, we sustain respondent's determination that petitioner is liable for the *457 addition to tax under section 6653(b) for each of the years 1978, 1979, and 1980. Decision will be entered for the respondent.
Footnotes
1. All Rule references herein are to the Tax Court Rules of Practice and Procedure.↩
2. Digital Systems and American Verneir were related corporations.↩