WILLIAM A. MITCHELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mitchell v. Commissioner
Docket No. 33917-83.
United States Tax Court
T.C. Memo 1985-239; 1985 Tax Ct. Memo LEXIS 392; 49 T.C.M. (CCH) 1514; T.C.M. (RIA) 85239; May 20, 1985. William A. Mitchell, pro se. James M. Klein, for respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6654
1980
$14,533.00
$7,266.00
$794.00
1981
$15,062.00
$7,531.00
$472.00
*393 The issues are whether the compensation received by petitioner constitutes taxable income, and whether petitioner is liable for additions to tax under sections 6653(b) and 6654. FINDINGS OF FACT Some of the facts are stipulated and are found accordingly. Petitioner William A. Mitchell resided in Janesville, Wisconsin, when the petition herein was filed. Petitioner was employed during most years since 1963 and properly filed individual Federal income tax returns and paid tax for those years. During the years in issue, petitioner was employed by Automation Engineering Company, Inc. and earned wages totaling $39,532 and $42,820 during 1980 and 1981, respectively. For 1980, petitioner filed a Form 1040, which purported to be his Federal income tax return. Although the Form W-2 attached thereto showed that petitioner had wages, tips, and other compensation of $39,531.85, he entered zeros on the lines provided for information concerning income, adjustments, *394 credits, and tax and claimed a refund of $1,666.98, the amount of Federal income tax that had been withheld. On April 22, 1980, petitioner submitted to his employer a Form W-4, Employee's Withholding Allowance Certificate, by which he claimed exemption from withholding based upon his statement, made under penalty of perjury, that during the prior year, he owed no Federal income tax and had a right to a refund of all such tax withheld and, for the current year, he expected to owe no Federal income tax and to have a right to a refund of all such tax withheld. Petitioner filed no Federal income tax return for 1980 or 1981. In his notice of deficiency, respondent determined that petitioner had earned wages of $39,532 and $42,820 during 1980 and 1981, respectively, and further determined additions to tax under sections 6653(b) and 6654 for each of those years. OPINION The first issue is whether the compensation earned by petitioner in 1980 and 1981 constitutes taxable income. In support of his position that his wages are not taxable, petitioner argues that (1) he is a "Natural Individual" and not one to whom the income tax applies; and (2) the Tax Court lacks jurisdiction and the *395 income tax is unconstitutional due to defects in the ratification of the Sixteenth Amendment. These arguments have often been considered and rejected by this and other courts and, accordingly, we deem them meritless. Rowlee v. Commissioner,80 T.C. 1111 (1983), and cases cited therein; Habersham-Bey v. Commissioner,78 T.C. 304 (1982). In defining gross income, section 61 specifically includes compensation for services. Sec. 61(a); sec. 1.61-2(a), Income Tax Regs. Accordingly, we sustain respondent's determination on this issue. The second issue is whether petitioner is liable for additions to tax under section 6653(b). Pursuant to section 6653(b), if any part of any underpayment of tax required to be shown on the return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. This addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and as reimbursement to the government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell,303 U.S. 391, 401 (1938). *396 Respondent has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b); Stone v. Commissioner,56 T.C. 213, 220 (1971). This burden is met upon a showing that the taxpayer intended to evade taxes known or believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Rowlee v. Commissioner,supra;Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion, 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. Spies v. United States, 3217 U.S. 492 (1943); *397 Rowless v. Commissioner,supra.The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). In the instant case, petitioner admitted that he filed no tax returns for 1980 and 1981. [2] Failure to file is not conclusive evidence of fraud, but it is a factor for consideration, particularly when coupled with the submission of a false Form W-4. Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Habersham-Bey v. Commissioner,78 T.C. 304 (1982). Despite the fact that petitioner filed a return and paid tax for 1979, on his April 22, 1980, Form W-4 he stated that he had owed no Federal income tax for the prior year and that he expected to owe none for the current year. Petitioner had experienced no change in circumstances to warrant a belief that he would owe no tax in 1980. Accordingly, we conclude that petitioner knowingly submitted a false Form W-4 *398 in order to prevent withholding. Such conduct was clearly intended to conceal, mislead, or otherwise prevent the collection of taxes and was, therefore, evidence of petitioner's intent to evade tax. The Form 1040 submitted by petitioner for 1980 is further evidence of his intent to evade taxes. On that form, notwithstanding the fact that he earned $39,531.83 during 1980, petitioner reported no income and claimed a refund of the tax that had been withheld for that year. Petitioner's knowledge of required filing procedures is evidenced by his earlier proper returns. Petitioner could not have honestly believed that he had no income and that he was entitled to the claimed refund. When combined with petitioner's failure to file returns for 1980 and 1981, the submission of the 1980 Form 1040 and the false Form W-4 designed to eliminate withholding indicate a continuing intent to evade taxes known to be owing. Accordingly, we hold on these facts that respondent has met his burden of proving fraud and, therefore, we sustain the addition to tax under section 6653(b) for each of the years *399 in issue. Respondent further determined that petitioner is liable for additions to tax under section 6654, for underpayment of estimated tax. Petitioner, who bears the burden of proving that respondent erred in determining that additions to tax should be imposed under this section (Rule 142(a)), introduced no evidence indicating that respondent so erred. Therefore, we sustain respondent's determinations on this issue. Habersham-Bey v. Commissioner,78 T.C. 304, 319-320 (1982). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner concedes that the Form 1040 submitted for 1980 did not constitute a valid return.↩