KENNETH W. DIERCKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Diercks v. Commissioner
Docket No. 13413-83.
United States Tax Court
T.C. Memo 1985-611; 1985 Tax Ct. Memo LEXIS 15; 51 T.C.M. (CCH) 118; T.C.M. (RIA) 85611; December 17, 1985. Christy M. Pendley, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined the following deficiencies and additions to tax: Additions to tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654 [1]
1980
$5,173.69
$2,586.84
$285.38
1981
5,697.00
2,848.50
436.53
*16 At the call of this case for the trial session calendar, the Court granted respondent's motion to dismiss for failure to properly prosecute.The issues remaining for decision are whether respondent properly determined that petitioner is liable for the additions to tax for fraud, and whether the Court should grant respondent's motion to impose damages pursuant to section 6673. Some of the facts have been deemed stipulated pursuant to Rule 91(f). Those facts are so found, and the stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Davenport, Iowa, when he filed his petition in this case. Although he timely filed Federal income tax returns for the years 1978 and 1979, he failed to file Federal income tax returns for both of the years in issue, 1980 and 1981. During the years in issue, petitioner was employed by the Caterpillar Tractor Company. He received wages from his employer in the amount of $21,141.14 in 1980, and $22,507.20 in *17 1981. On February 29, 1980, petitioner filed with his employer a Form W-4, Employer's Withholding Allowance Certificate, on which he claimed that his wages were exempt from withholding. Petitioner signed the form below a line that stated the following: If claiming exemption from withholding, I certify that I incurred no liability for Federal income tax for last year and that I anticipate that I will incur no liability for Federal income tax for this year. On January 5, 1981, petitioner filed with his employer a similar Form W-4. Attached to the form was a notarized affidavit, in which petitioner stated, in part, the following: 3. I hereby affirm that after diligent study I have come to the firm conclusion that, as stated on my Form W-4 attached hereto, I am exempt from withholding as stated therein. 4. I hereby request and instruct my employer to honor my Form W-4 Exempt request attached hereto in accordance with 26 USCA 3402(n), as follows: (n) Employees incurring no income tax liability. Not withstanding [sic] any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon *18 a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate * * * furnished to the employer by the employee certifying that the employee-- (1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and (2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year. Petitioner filed another Form W-4 later that same year on which he also claimed exempt status. Subsequently, on December 10, 1981, respondent informed petitioner by letter that he was reviewing his Form W-4. The letter explained that: The exemption from Federal income tax withholding you claimed is allowable only if last year you did not owe any Federal income tax and had a right to a full refund of all income tax withheld; and in addition, you do not expect to owe any Federal income tax and do expect to have a right to a full refund of all income tax withheld this year. The record contains no evidence that petitioner attempted to rectify his error after receiving this explanation; indeed, petitioner filed a similar Form W-4 in 1982. Respondent issued a notice *19 of deficiency on February 22, 1983, in which he determined deficiencies and additions to tax for fraud. Petitioner filed a timely petition with this Court on May 18, 1983, in which he raised numerous frivolous and long-discredited tax protester issues including: (1) that he is not a "taxpayer", (2) that he does not have a "tax year", (3) that he is not a "person" liable for tax, (4) that he is not a person required to report income, (5) that he is not required to provide books and records, (6) that he is not required to file returns of income, (7) that the labor petitioner performed during the years in issue was not property, and (8) that the labor performed by petitioner was not property acquired by petitioner from another person, or a gift from a donor, or had zero value in the hands of the donor. At the call of this case for the calendar at the October 15, 1984 trial session in Des Moines, Iowa, petitioner failed to appear or to otherwise prosecute his case. The Court therefore granted respondent's motion for dismissal on the issue of the underlying tax liability for 1980 and 1981. Respondent subsequently moved for damages in the amount of $5,000 pursuant to section 6673. *20 We first consider whether petitioner is liable for the addition to tax for fraud. In order to prevail, respondent bears the burden of proving by clear and convincing evidence that petitioner underpaid his tax, and that some portion of this underpayment was due to fraud. Rule 142(b); Hebrank v. Commissioner,81 T.C. 640, 642 (1983).Facts that have been deemed stipulated pursuant to Rule 91(f) properly may be considered in this inquiry. Cf. Doncaster v. Commissioner,77 T.C. 334 (1981). The stipulation establishes that petitioner earned wages and failed to report them as income or to pay the taxes due on them. The element of underpayment is therefore established. What remains for consideration is whether that underpayment was due to fraud; that is, whether petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968). The existence of fraud is a question of fact to be determined upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), *21 affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). While fraud may never be presumed, Beaver v. Commissioner,55 T.C. 85, 92 (1970), it may be proven by circumstantial evidence. Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). Failure to file returns, without more, is not proof of fraud, Rowlee v. Commissioner,supra; it may, however, be considered in connection with other facts in determining whether an underpayment is due to fraud. Beaver v. Commissioner,supra at 93. The burden on respondent to both locate and assess a delinquent taxpayer is, in a sense, greater than the verification of items reported on a return that has been filed but may be false. And, as stated in Helvering v. Mitchell,supra [303 U.S. 391, 401 (1938)], it is that necessity for which the Government is to be compensated by the addition to tax. [Rowlee v. Commissioner,supra, at 1124.] In the instant case, petitioner did more than merely fail to file returns. He affirmatively filed false W-4 forms, on which he claimed that he had not owed taxes in the prior year, and *22 that he did not expect to be liable for tax in the current year. He perpetuated the fraud by declining to change his statement when respondent clearly outlined the requirements for claiming exempt status. As we stated in Hebrank v. Commissioner,supra at 642: We believe that petitioner knowingly submitted false information when he filed a W-4 claiming exemption from Federal withholding. Mr. Hebrank had paid taxes in the past, and must have known that he, like all other citizens, was required to pay Federal income tax. By stating that he anticipated no liability in 1979, petitioner knowingly gave false information to the Federal Government * * *. Petitioner's 2-year failure to file coupled with his affirmative false declaration that he had incurred no past tax liability (when in fact he prepared and timely filed his own return in 1979) and that he anticipated no present tax liability represents an attempt to conceal, mislead, or otherwise prevent the collection of taxes.The evidence shows that petitioner "simply had no intention of paying his taxes unless he was audited and forced to do so." See Wagner v. Commissioner,T.C. Memo. 1984-245. *23 Under these circumstances, we hold that respondent has met his burden of proving fraud. [2]
In addition, we hereby grant respondent's motion for damages in the amount of $5,000 pursuant to section 6673. That provision states the following: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * [Sec. 6673.] Damages in the amount of $5,000 may be awarded in any proceeding in this Court that was commenced after December 31, 1982 or that was pending in this Court 120 days after July 18, 1984. The petition in this case was filed on May 18, 1983. Petitioner of course had every right to contest respondent's assertion of fraud. Exercising or failing to exercise this right cannot be a basis for imposing damages pursuant to section 6673. But petitioner's course of conduct convinces us that he *24 did not come before this Court in order to challenge the determination of fraud. His failure to prosecute his case coupled with the clearly frivolous petition filed convinces us that this proceeding was brought primarily to delay the payment of his taxes. Under these circumstances, damages are appropriate. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended, and any references to "Rules" are to the Tax Court Rules of Practice and Procedure.↩
2. We therefore need not address respondent's alternative argument relating to secs. 6651 and 6653(a).↩