JANET E. BOWERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bowers v. Commissioner
Docket No. 27381-84.
United States Tax Court
T.C. Memo 1986-271; 1986 Tax Ct. Memo LEXIS 332; 51 T.C.M. (CCH) 1337; T.C.M. (RIA) 86271; July 3, 1986. Lawrence M. Hill, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiency and additions to tax in petitioner's Federal income taxes: Additions to tax
Year
Deficiency
Sec. 6653(b)(1) [1]
Sec. 6653(b)(2)
Sec. 6654
1982
$5,220.54
$2,840
50% of the
$452.35
interest due on
$5,220.54
*333 The issues for decision are: (1) Whether we should grant respondent's unopposed motion to dismiss for lack of prosecution; (2) Whether petitioner is liable for the addition to tax under section 6654; (3) Whether petitioner is liable for the addition to tax under section 6653(b); and (4) Whether damages should be awarded to the United States under section 6673. FINDINGS OF FACT Janet E. Bowers (petitioner) resided in Orange, Virginia when she filed a timely petition in this Court. Her petition alleged, among other things, the following: (1) That she is not a "person" within the meaning of section 7701(a); (2) that respondent's notice of deficiency is illegal and founded on fraud and fraudulent interpretation and application of the law by the Commissioner; (3) that the Commissioner violated the publishing requirements of the Federal Register; (4) that the Commissioner materially and wilfully misrepresented the factual requirements of the Privacy Act of 1974; (5) that the Commissioner erred in determining that the *334 labor petitioner performed during the 1982 taxable year was not "property"; and (6) that the Commissioner erred in determining that the Internal Revenue Code required petitioner to file a tax return. This case was regularly called for trial at the trial session of this Court on May 28, 1985, in Washington, D.C. Although counsel for the Commissioner entered his appearance, no appearance was made by or on behalf of petitioner. All of the material allegations set forth in the petition in support of the assignments of error have been denied by respondent in his answer. Furthermore, petitioner has not adduced any evidence in support of the assignments of error raised in her petition. Petitioner was uncooperative with respondent throughout the period of this litigation and has failed to comply with this Court's Rules of Practice and Procedure that require the parties "to stipulate, to the fullest extent to which complete or qualified agreement can or fairly should be reached." Rule 91(a). [2] On May 29, 1985, respondent filed a motion to dismiss for failure to properly prosecute. *335 In his amended answer to the petition, respondent made the following affirmative allegations regarding the section 6653(b) addition to tax for fraud: FURTHER ANSWERING the petition, respondent alleges the following in support of the fraud penalty for taxable year 1982 as set forth in the notice of deficiency with respect to the petitioner: a. At the time of the due date for filing of the tax return for 1982, petitioner had experience with filing income tax returns. b. At the time of the due date for filing of the tax return, petitioner was intelligent and of sound mind. c. At the time of the due date for filing of the tax return, petitioner had obtained a sufficient level of education to understand the obligation to pay federal income taxes and to file income tax returns. d. Petitioner failed to file income tax returns or to pay federal income taxes during 1982 with the intent to evade taxes known to be due. e. Petitioner filed false Forms W-4 during 1982 with the intent to evade taxes. f. Petitioner filed a bogus claim for refund with the intent to fraudulently evade the payment of taxes during 1982. g. Petitioner refused to cooperate with the Internal Revenue *336 Service during the examination by refusing to respond to questions or produce books or records when requested to do so. h. Petitioner failed to file a return during 1982 or to pay income taxes known to be due with the intent to defeat or evade the payment of income taxes. i. For each respective year, all or part of the underpayment of tax is due to fraud. Petitioner failed to reply to the affirmative allegations and respondent thereupon moved for entry of an order that they be deemed admitted pursuant to Rule 37(c). Because no reply was received as required by Rule 37(a) and (b), we entered an order dated June 3, 1985 granting respondent's Rule 37 motion. We further ordered that the affirmative allegations of fact set forth in paragraphs 27(a) through 27(i) of respondent's amended answer to deemed admitted for purposes of the instant case. OPINION Petitioner has the burden of proof with respect to the deficiency in tax determined and with respect to the addition to tax under section 6654. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). She filed a petition replete with frivolous and groundless assertions, and has made no attempt to rebut the determination *337 of deficiency found in respondent's statutory notice of deficiency. As we indicated above, when this case was called for trial, no appearance was made by or on behalf of petitioner. Rule 123 provides that a party may be held in default if she fails to comply with the Rules of this Court, and that an issue may be decided adversely to a party who fails to present and prosecute her case. Accordingly, we grant respondent's motion to dismiss for lack of prosecution. Rule 123; see also Rule 149(b); Gilday v. Commissioner,62 T.C. 260, 261 (1974). [3] Therefore, as to both the deficiency and the section 6654 addition to tax, we sustain respondent's determinations.
We must next consider whether petitioner is liable for the section 6653(b) additions to tax for fraud. Respondent has the burden of proving by clear and convincing evidence that an underpayment exists, and that part of the underpayment for each year was due to fraud. Section 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade *338 taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968). The affirmative allegations of fact set forth in respondent's amended answer are sufficient to establish that petitioner earned wages and failed to report them as income or to pay the taxes due on them. The existence of an underpayment for the year in issue is therefore clearly established. What remains for our decision is whether any part of the underpayment for the year in issue was due to fraud. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may however, be proven by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); *339 Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). This Court has previously held that the burden placed upon the Commissioner to establish a taxpayer's fraud can be satisfied through those facts deemed admitted and conclusively established pursuant to Rule 37(c). In Doncaster v. Commissioner,77 T.C. 334 (1981), [4] we said: It is clear from the foregoing that a petitioner cannot, by total and continued silence, ensure that he will not be considered as having, in effect, conceded his case. The fact that * * * [these allegations] are worded in conclusory language does not require a different conclusion. They were "specified allegations" within the meaning of Rule 37(c); in our judgment, their deemed admission more than satisfies the respondent's burden of proof. * * * We are reinforced in our conclusion by the numerous holdings that fraud is a questionof fact--albeit an ultimate question of fact. * * * [Docaster v. Commissioner,supra at 337. Citations omitted.] [5]
*340 Here the material factual allegations in respondent's amended answer have been admitted and conclusively establish the following: 1) Petitioner knew and understood her obligation to pay Federal income taxes. 2) Petitioner refused to cooperate with respondent during the examination of her return by refusing to produce her books and records. 3) Petitioner filed a false W-4 form for the year in issue. 4) Petitioner failed to file a Federal income tax return or pay the taxes due for the year in issue. [6]
As a consequence of filing false withholding statements, petitioner rendered the withholding mechanism inoperative. Combined with her failure to file a tax return, petitioner effectively evaded payment of the income tax she owed for the year in issue. While failure to file a return is not by itself conclusive evidence of fraud, it is a factor worthy of consideration, especially when coupled with the submission of a false W-4 Form. Rowlee v. Commissioner,80 T.C. 1111, 1124-1125 (1983); *341 Habersham-Bey v. Commissioner,78 T.C. 304 (1982). In addition, by failing to cooperate with respondent in producing her books and records, petitioner forced respondent's agents to determine the sources and amounts of her income. Hebrank v. Commissioner,81 T.C. 640, 642-43 (1983), affd. per order (11th Cir., Mar. 26, 1985). In our judgment, these facts as well as those set forth above clearly and convincingly establish fraud with intent to evade tax. Therefore, we hold that respondent has carried his burden of proof with regard to the section 6653(b) addition to tax for fraud. [7]
Finally, we must decide whether damages should be awarded under section 6673. Section 6673, as amended, and as applicable to this case, provides as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in *342 excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. When this Court, in its discretion, determines that a proceeding has been instituted or maintained primarily for delay or that a taxpayer's position in a proceeding before this Court is frivolous or groundless, damages of up to $5,000 can be awarded to the United States. We conclude on the record in this case that petitioner's position in this proceeding is both frivolous and groundless and that this proceeding was instituted by her primarily for delay. Petitioner failed to appear when her case was called for trial and has never addressed the substantive issues in this case which relate to the correct determination of her income and deductions for the year in issue. Instead, petitioner has asserted that she is not a "person" for purposes of the Internal Revenue Code and that her labor constitutes "property." Such naked assertions involve frivolous, discredited and meritless issues that have resulted in a needless *343 delay in this proceeding, and the unwarranted waste of valuable governmental and judicial resources. Cf. Abrams v. Commissioner,82 T.C. 403 (1984); McCoy v. Commissioner,76 T.C. 1027, affd. 969 F.2d 1234 (9th Cir. 1983); Wilkinson v. Commissioner,71 T.C. 633 (1979). Petitioner of course had every right to contest respondent's allegations with regard to the section 6653(b) addition to tax for fraud, and exercising or failing to exercise this right can not be a basis, either alone or in conjunction with other facts, for imposing damages pursuant to section 6673. But petitioner's frivolous allegation in her petition, coupled with her obvious indifference to the prosecution of her case, are evidence that this proceeding was instituted primarily to delay the payment of her taxes. She was advised by respondent that an award for damages would be requested and she was provided with cases clearly demonstrating the frivolous nature of her position. Furthermore, we note that petitioner has been before this Court on a prior occasion where we saw fit to award damages to the United States pursuant to section 6673. In these *344 circumstances, we think damages in the amount of $5,000 are appropriate and, therefore, damages in that amount will be awarded to the United States under section 6673. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
2. Unless otherwise indicated, all rule references are to the Tax Court Rules of Practice and Procedure.↩
3. See also Gellatly v. Commissioner,T.C. Memo. 1984-262; Ramsey v. Commissioner,T.C. Memo. 1984-251↩.
4. See Corbitt v. Commissioner,T.C. Memo. 1984-586; Miller v. Commissioner,T.C. Memo. 1983-476; Hindman v. Commissioner,T.C. Memo. 1983-389↩. 5. We note that respondent has the burden of proving the facts necessary to establish an underpayment and may not rely upon petitioner's failure to produce evidence in order to carry his burden. Doncaster v. Commissioner,77 T.C. 334, 337-338↩ (1981).
6. We also note that respondent introduced a copy of petitioner's W-2 statement for 1982 which indicated that she earned $23,761.91 in taxable wages for the year 1982.↩
7. See Marshall v. Commissioner,85 T.C. 267↩ (1985) (respondent's burden of proof sustained through facts deemed admitted pursuant to Rule 90(c)).