MICHAEL H. SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 12990-85.
United States Tax Court
T.C. Memo 1986-384; 1986 Tax Ct. Memo LEXIS 228; 52 T.C.M. (CCH) 216; T.C.M. (RIA) 86384; August 18, 1986. Michael H. Smith, pro se. Janet A. Engel, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Section 6653(b) [1]
Year
Deficiency
Addition to tax
1979
$3,183.00
$1,591.50
1980
5,200.75
2,600.38
1981
4,016.00
2,008.00
After respondent's concession that petitioner is not liable for the addition to tax under section 6653(b) with respect to 1979, the issues are (1) whether respondent's motion to dismiss for failure of petitioner properly to prosecute should be granted, *229 and (2) whether petitioner is liable for the addition to tax for fraud under section 6653(b) with respect to 1980 and 1981. FINDINGS OF FACT Petitioner, Michael H. Smith, resided in Zion, Ill. when he filed his petition herein. During all times relevant hereto, petitioner was employed as an electrician by American Motors Corporation ("AMC") in Kenosha, Wisc. Petitioner had commenced his employment with AMC in October 1974. During the taxable years 1974, 1975, 1976, 1977 and 1978, petitioner received wages in the respective amounts of $8,333.64 [2] $11,023.08, $12,280.77, $14,820.53, and $17,562.73. Petitioner filed Federal income tax returns for the taxable years 1974 through 1978, inclusive. On each of these returns, petitioner reported his wages as income, reflected his liability for Federal income tax, and claimed a refund for the amount by which Federal income tax withheld from his wages exceeded his reported liability for Federal income tax. During 1979, 1980 and 1981 petitioner received *230 wages from AMC in the respective amounts of $17,938.87, $24,011.03, and $20,650.52. For 1979, petitioner submitted to the Internal Revenue Service a document purporting to be a Form 1040, Federal income tax return. Thereon, petitioner included his name and address, indicated his filing status as single, and claimed one personal exemption for himself. On the lines provided for reporting various items of income, deductions, and credits, petitioner wrote either "Object" or "None". The form was signed by petitioner under penalties of perjury, and was dated April 14, 1980. [3] For 1980 and 1981, petitioner filed no documents purporting to be Federal income tax returns. *231 When he commenced his employment in 1974, petitioner had filed with AMC a Form W-4 (Employee's Withholding Allowance Certificate) showing his marital status as single and claiming no exemptions for purposes of withholding Federal income tax from his wages. However, on or about February 25, 1980, petitioner filed with AMC a Form W-4 claiming that he was exempt from the withholding of Federal income tax from his wages. On this Form W-4, petitioner claimed that he had incurred no Federal income tax liability for 1979 and expected no Federal income tax liability for 1980. Petitioner signed this form under penalties of perjury. On or about May 15, 1981, petitioner filed a second Form W-4 with AMC, again claiming he was exempt from the withholding of Federal income tax from his wages. [4] On this form, petitioner claimed that he had incurred no Federal income tax liability for 1980 and expected no Federal income tax liability for 1981. As a result of the Forms W-4 filed by petitioner on February 25, 1980 and May 15, 1981, AMC ceased withholding Federal income tax from petitioner's wages during the period from February 1980 until June 28, 1981, at which time AMC recommenced withholding *232 pursuant to instructions from the Internal Revenue Service. Sometime during 1981, after AMC recommenced withholding Federal income tax from petitioner's wages, petitioner sent a letter to AMC's legal department on the letterhead of an organization entitled "Committee for Constitutional Rights" having an address at P.O. Box 139, Somers, Wisc. 53171. This letter provided, in part, as follows: It has come to our attention that your company has become involved in numerious personal disputes between workers and the Internal Revenue Service. *233 American Motors [AMC] is disreguarding properly filed w-4 forms and withholding money from workers paychecks in violation of their contract. We would like to point out that anytime a person's property (wages), are taken without his or her permission, over their objections, and without an order from a court of comptant jurisdiction, it amounts to thief, pure and simple. . . . We insist that from this point on, American Motors refrain from becoming involved in disputes between any government agencies and above mentioned workers, just as you wouldn't involve your company in any other personal matters of your employees. In the past, we have had no disputes with your company and we will have none in the future if we can settle this matter amiably. However, if your company persists in these unlawful and unconstitutional practices, we will have to resort to less agreeable methoids. [Errors in original] The letter was signed by petitioner in his capacity as a "Spokesman" for the "Committee for Constitutional Rights". In his notice of deficiency dated February 14, 1985, respondent determined that petitioner's wages from AMC of $17,938.87, $24,011.03 and $20,650.52 during 1979, *234 1980, and 1981, respectively, constituted taxable income. Accordingly, respondent determined a deficiency in petitioner's Federal income tax for each of such years. Respondent also determined that petitioner was liable for the addition to tax for fraud under section 6653(b) with respect to each of the years in issue. Petitioner filed his petition herein on May 16, 1985. [5] Respondent filed his answer herein on July 5, 1985. Therein, respondent conceded that petitioner was not liable for the addition to tax under section 6653(b) for 1979, but made affirmative allegations of fact in support of his determination that petitioner is liable for the addition to tax for fraud under section 6653(b) with respect to 1980 and 1981. [6]
*235 By notice of trial served upon the parties on October 9, 1985, this case was calendared for trial at the March 4, 1986 trial session of this Court in Chicago, Ill. When this case was called for trial on the morning of March 4, 1986, petitioner and counsel for respondent appeared. At that time, the Court asked each party to summarize the relevant issues in the case. Counsel for respondent indicated that the issues were whether petitioner's wages from AMC constituted taxable income and whether petitioner was liable for the addition to tax under section 6653(b) for 1980 and 1981. Petitioner disagreed, however, that such matters were at issue. He replied: Your Honor, there is another issue at hand here. As far as the wages, that was not brought up by me. It seems to be an issue she [respondent's counsel] has come up with somewhere.The Matter of Discovery. I have just received yesterday information from [respondent's counsel] that they do not intend to comply with discovery in the matter. . . Petitioner insisted that the Court consider the "matter of discovery" and refused to discuss the merits of this case or the substantive matters in issue. [7] Counsel for respondent *236 indicated that she had been served with a document entitled "Request for Production of Documents," and presented a copy thereof to the Court. Therein, petitioner sought, inter alia, production of the following documents: 1. "Copy of contract between IRS and U.S. Attorney's office." 2. "Copy of Enabling Act of the Internal Revenue Service." 3. "Copy of all Tax Returns and tax information on the Judge assigned to this case." 4. "Copy of reports of all visits to all Federal Judges by the Internal Revenue Service within the past 5 years." It became apparent to the Court that petitioner had not informally sought information from respondent prior to resorting to formal discovery as prescribed by Rule 70(a), that there was no motion to compel discovery under Rule 104 pending before the Court, and that the bulk of information sought by the taxpayer was irrelevant in *237 the context of the instant controversy. The Court therefore informed petitioner that it would not compel production of the documents sought by him. Petitioner thereafter refused to proceed with the merits of the case, despite the Court's urging him to do so. At that time, counsel for respondent moved to dismiss this case for failure of petitioner properly to prosecute. The Court informed the parties that it intended to grant respondent's motion and that the case would be called at 2:00 p.m. on the afternoon of March 4, 1986, for the purpose of submitting the case on the fraud issue. When the case was recalled for trial at such time, petitioner did not appear. The case then proceeded to trial on the fraud issue for 1980 and 1981. OPINION The first issue is whether respondent's motion to dismiss this case for failure of petitioner properly to prosecute should be granted. Rule 123(b) is relevant in this context, and provides as follows: Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against *238 the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. It is evident from petitioner's conduct at the call of this case that petitioner has no intention of proceeding in an orderly and proper manner before this Court. He insisted that this Court order discovery even though he had not followed the discovery procedures prescribed by this Court's Rules of Practice and Procedure and even though the bulk of documents sought by him were irrelevant with respect to his liability for the deficiencies and additions to tax determined by respondent herein. When the Court informed petitioner that it would not order the discovery sought by him, petitioner steadfastly refused to proceed with the merits of this case. We think that petitioner's conduct constitutes a failure to properly prosecute this case. Accordingly, respondent's motion to dismiss is granted. A decision against petitioner will therefore be entered with respect to the underlying deficiencies as set forth in the notice of deficiency, as to which petitioner *239 bears the burden of proof. See Rules 123(b), 142(a). [8]
The second issue is whether petitioner is liable for an addition to tax for 1980 and 1981 under section 6653(b). That section provides that there shall be added to the tax an amount equal to 50 percent of the underpayment of tax if any part of the underpayment is due *240 to fraud. Sec. 6653(b). Respondent bears the burden of proving by clear and convincing evidence that petitioner underpaid his tax, and that some portion of this underpayment was due to fraud. See sec. 7454(a); Rule 142(b); Hebrank v. Commissioner,81 T.C. 640, 642 (1983)
Respondent has shown by affirmative evidence that petitioner earned wages from AMC in 1980 and 1981 in the respective amounts of $24,011.03 and $20,650.52, and that he failed to properly report his wages as income or to pay the taxes due on them. The existence of an underpayment is therefore established. See sec. 6653(c). We must therefore determine whether any portion of this underpayment was due to fraud. The existence of fraud is essentially a question of fact to be determined based upon a consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978); Stratton v. Commissioner,54 T.C. 255, 284 (1970). For this purpose, fraud is an intentional wrongdoing on the part of the taxpayer motivated by the specific purpose of evading a tax known or believed to be *241 owing. Stoltzfus v. United States,398 F.2d 1002, 1004 (3rd Cir. 1968). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Because direct proof of fraudulent intent is seldom possible, fraud may be proved by circumstantial evidence emanating from the taxpayer's entire course of conduct. Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); Grosshandler v. Commissioner,75 T.C. 1, 19 (1980); Stone v. Commissioner,56 T.C. 213, 223-224 (1971). Such evidence includes conduct intended to conceal, mislead or otherwise prevent the collection of tax. Rowlee v. Commissioner,supra at 1123; Gajewski v. Commissioner,supra at 200; Beaver v. Commissioner,supra at 92-93. After considering the facts of the instant case, we are persuaded that respondent has satisfied his burden of proof. The record demonstrates that petitioner failed to file Federal income tax returns for 1980 and 1981. The failure to file an income tax return is not, standing alone, proof of fraud on the part of the taxpayer. Kotmair v. Commissioner, *242 86 T.C.     (June 19, 1986). However, such failure is evidence which may be considered as indicative of fraud. Rowlee v. Commissioner,supra.Based upon the record as a whole, we think that petitioner's purpose in failing to file returns during such years was to evade the payment of Federal income taxes which he knew to be due and owing. The fact that petitioner had previously filed Federal income tax returns for the years 1974 through 1978, inclusive, is evidence that he knew of his obligation to pay Federal income tax with respect to his income. Additional evidence of petitioner's fraudulent intent is found in his filing of false withholding forms (Forms W-4) with AMC during 1980 and 1981. It is well established that the filing of false withholding forms is evidence of fraud. Rowlee v. Commissioner,supra at 1125; Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1982). As a result of the false W-4 forms filed by petitioner, no Federal income tax was withheld by AMC from petitioner's wages *243 during the period from February 1980 to July 1981. Petitioner's filing of false withholding forms thus disrupted the orderly process of tax collection. See Hebrank v. Commissioner,supra at 643. Even after AMC recommenced the withholding of Federal income tax from petitioner's wages at the direction of the Internal Revenue Service in July 1981, petitioner again tried to interfere with the collection of the tax by writing to AMC's legal department and instructing them to refrain from withholding. We are convinced from the record that petitioner knowingly engaged in deliberate conduct intended to defeat the payment of Federal income tax which he knew to be owing. Accordingly, we hold that respondent has satisfied his burden of proving fraud by clear and convincing evidence. Petitioner is therefore liable for the addition to tax under section 6653(b) for 1980 and 1981. To reflect respondent's concession as to the addition to tax for fraud for 1979 and the foregoing, An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. This amount consists of wages of $2,026.44 from AMC, for which petitioner had commenced work in October, 1974, and wages of $6,307.20 from Motorola, Inc. of Franklin Park, Ill.↩
3. The document submitted by petitioner with respect to 1979 was not accepted for filing by respondent. In this connection, a letter dated June 16, 1980 was sent to petitioner by the director of the Kansas City Service Center, by registered mail, return receipt requested, which provided, in pertinent part, as follows: The U.S. Individual Income Tax Return form we received from you for the above year is not acceptable as an income tax return because it does not contain information required by law, and it does not comply with Internal Revenue Code requirements. This is your notice of the legal requirements for filing Federal individual income tax returns. Failure to file a required return may subject you to prosecution under Internal Revenue Code section 7203. The requirements, and an explanation of the penalty, are shown on the back of this letter. The letter included two blank forms 1040 and an addressed envelope for petitioner's "convenience in filing a proper return." Despite his receipt of this letter, petitioner filed no other document purporting to be a Federal income tax return for 1979.↩
4. Together with the Form W-4 filed on May 15, 1981, petitioner also submitted to AMC a document entitled "Notice of Withdrawal of Form W-4 and Determination of Employee Status For Federal Employment Tax Purposes". Therein, petitioner claimed that he was not an "employee" for purposes of Federal employment taxes, and purported to give notice to AMC that it was not authorized to withhold any Federal employment taxes from payments made to him. Petitioner attached to this "Notice of Withdrawal" an "Affidavit and Statement of Facts" in support of his contention asserting numerous objections to the Federal income tax and employment tax system.↩
5. Paragraphs 4 and 5 of the petition provide as follows: 4. The determination of tax set forth in the said notice of deficiency is based on the following errors: (a) The Commissioner erred in determining that the alleged tax deficiency of the Petitioner for taxable year 1979 is $3,183.00, for taxable year 1980 is $5,200.75 and for taxable year 1981 is $4,016.00. (b) The Commissioner erred in determining an interest addition to tax [sic] of Petitioner for taxable years 1979, 1980 and 1981. 5. The facts upon which petitioner relies as the basis of his case are as follows: (a) Petitioner has performed no act and has no knowledge of any fact that denies him the procedural right to a jurisdictional challenge under the Administrative Procedures Act. (b) Petitioner has performed no act and has no knowledge of any fact that would grant the Commissioner administrative jurisdiction for the issuance of an alleged NOTICE OF DEFICIENCY to Petitioner. (Tax Court Rule 40) (c) Petitioner has performed no act and has no knowledge of any fact that would require him to enter evidence against himself, when all the accusations and allegations of the NOTICE OF DEFICIENCY are in dispute, since the said allegations and accusations are exclusively based upon the commisioners [sic] determinations of the applicable statutes. (d) Petitioner has performed no act and has no knowledge of any fact that would sustain the alleged NOTICE OF DEFICIENCY and the penalties and interest accrued therein against the Petitioner. (e) Petitioner has performed no act and has no knowledge of any fact that would allow the Commissioner to assign the Petitioner an illegal NOTICE OF DEFICIENCY. (f) That the notice of deficiency (attached hereto) represents a direct tax upon the source, and, as such, is constitutionally impermissable. (g) That the commissioner has in his possession complete information that would prove that this petitioner has no tax liability. (h) Petitioner has performed no act and has no knowledge of any fact that would allow the Commissioner to violate the publishing requirements of the Federal Register as detailed in various orders and acts. (i) Petitioner has performed no act and has no knowledge of any fact that would allow the Commissioner to violate the rulemaking requirements of various orders and acts. (j) Petitioner has performed no act and has no knowledge of any fact that allows the Commissioner to ignore the requirements in regards to NOTICE concerning the solicitation requirements spelled out in the Privacy Act of 1974 or the Paperwork Reduction Act of 1980. ↩
6. Although petitioner did not file a reply to the answer as provided for in Rule 37, respondent made no motion under Rule 37(c) that the factual allegations set forth in the answer be deemed admitted.↩
7. Although the Court repeatedly directed him to summarize the substantive issues herein, petitioner refused to do so. Despite his having personally signed and filed a petition herein, petitioner insisted that it was the Internal Revenue Service, and not he, who had invoked the jurisdiction of this Court.↩
8. Under Rule 123(b), dismissal may be premised upon a petitioner's failure to comply with the rules of this Court. We note that, consistent with petitioner's failure to discuss the substance of his case at trial, paragraph 5 of the petition herein merely contains conclusory allegations concerning respondent's authority to act, and does not set forth justiciable facts concerning petitioner's Federal income tax liability as required by Rule 34(b)(5). See n. 5, supra.↩ Accordingly, our dismissal of this case finds additional support in petitioner's failure to comply with Rule 34(b). In any event, under Rule 142(a), petitioner bears the burden of proving error with respect to the deficiencies determined by respondent, and his refusal to address the merits of this case or to introduce evidence at trial constitutes a failure by him to carry such burden.