DONALD L. BOWERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bowers v. Commissioner
Docket No. 27380-84.
United States Tax Court
T.C. Memo 1986-272; 1986 Tax Ct. Memo LEXIS 333; 51 T.C.M. (CCH) 1340; T.C.M. (RIA) 86272; July 3, 1986. Lawrence M. Hill, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiencies and additions to tax in petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1) [1]
Sec. 6653(b)(2)
Sec. 6654
1981
$9,374.23
$4,755
$715.71
1982
5,446.00
2,733
50% of the
530.21
interest due on
$5,446
*334 The issues for decision are (1) whether petitioner is liable for the additions to tax under section 6653(b)(1) and (2) whether damages should be awarded to the United States under section 6673. FINDINGS OF FACT Donald L. Bowers (petitioner) resided in Orange, Virginia, when he filed a timely petition in this Court. His petition alleged, among other things, the following: (1) That petitioner is not a "person" within the meaning of section 7701(a); (2) that respondent's notice of deficiency is illegal and founded on fraud and fraudulent interpretation and application of the law by the Commissioner; (3) that the Commissioner violated the publishing requirements of the Federal Register; (4) that the Commissioner materially and wilfully misrepresented the factual requirements of the Privacy Act of 1974; (5) that the Commissioner erred in determining that the labor petitioner performed during the 1981 and 198i taxable years was not property; and (6) that the Commissioner erred in determining that the Internal Revenue Code *335 required petitioner to file a tax return. Petitioner was ordered to pay the filing fee of $60 on or before November 30, 1984. He refused to pay it despite an informal request on September 11, 1984, and the Court's order dated October 29, 1984. As a result of petitioner's unwillingness and failure to pay the filing fee, the Court entered an order dated February 12, 1985, dismissing the case insofar as it pertains to those issues upon which petitioner has the burden of proof. Petitioner bears the burden of proof as to both the deficiencies and the section 6654 additions to tax. Rule 142(a) [2]; Welch v. Helvering,290 U.S. 111 (1933). Therefore, as to these issues, we sustain respondent's determinations. In his amended answer to the petition, respondent made the following affirmative allegations regarding the section 6653(b) addition to tax for fraud: FURTHER ANSWERING the petition, respondent alleges in support of the assertion of the fraud penalty under section 6653(b) for taxable years 1981 and 1982 that: a. At the time of the due date for filing *336 of each tax return for taxable years 1981 and 1982, petitioner was intelligent and of sound mind. b. At the time of the due date for filing of each tax return, petitioner had experience with filing income tax returns. c. At the time of the due date for filing of each tax return, petitioner had obtained sufficient experience and a level of education to understand the obligation to pay Federal income taxes. d. During 1981 and 1982, petitioner earned $29,519.45 and $22,216.65 in the amounts and from the employers designated in Schedule 1(a) of the notice of deficiency. See Exhibit A. e. Petitioner also received unemployment compensation from the Virginia Employment Commission in the amounts of $1,041 and $966 for 1981 and 1982, respectively. f. Petitioner received $31.99 in interest in 1981 from Madison National Bank, Plumbers and Steamfitters Union, and Pipefitters Annuity Fund. g. Petitioner refused to cooperate with the Service during examination of his return by refusing to produce books and records. Petitioner filed false forms W-4 for each of the years at issue. In 1982, petitioner filed a bogus claim for refund with the intent to evade taxes known to be due. *337 h. For each of the years at issue, petitioner intended to defeat or evade the payment of income taxes by failing to file income tax returns or to pay the taxes due for each of the years at issue. i. For each respective year, all or part of the underpayment of tax is due to fraud. Petitioner failed to reply to the affirmative allegations and respondent thereupon moved for entry of an order that they be deemed admitted pursuant to Rule 37(c). Because no reply was received as required by Rule 37(a) and (b), we issued an order dated May 17, 1985 granting respondent's Rule 37 motion. We further ordered that the affirmative allegations of fact set forth in paragraphs 27(a) through 27(i) of respondent's amended answer be deemed admitted for purposes of this case. OPINION We must first consider whether petitioner is liable for the section 6653(b) additions to tax for fraud. Respondent has the burden of proving by clear and convincing evidence that an underpayment exists, and that part of the underpayment for each year was due to fraud. Section 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended *338 to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968). The affirmative allegations of fact set forth in respondent's amended answer are sufficient to establish that petitioner earned wages and failed to report them as income or to pay the taxes due on them. The existence of an underpayment for each year is therefore clearly established. What remains for decision is whether any part of the underpayment for each year was due to fraud. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proven by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). *339 This Court has previously held that the burden placed upon the Commissioner to establish a taxpayer's fraud can be satisfied through those facts deemed admitted and conclusively established pursuant to Rule 37(c). In Doncaster v. Commissioner,77 T.C. 334 (1981), [3] we said: It is clear from the foregoing that a petitioner cannot, by total and continued silence, ensure that he will not be considered as having, in effect, conceded his case. The fact that * * * [these allegations] are worded in conclusory language does not require a different conclusion. They were "specified allegations" within the meaning of Rule 37(c); in our judgment, their deemed admission more than satisfies the respondent's burden of proof. * * * We are reinforced in our conclusion by the numerous holdings that fraud is a question of fact--albeit an ultimate question of fact. * * * [Concaster v. Commissioner,supra at 337. Citations omitted.] [4]
*340 Here the material factual allegations in respondent's amended answer have been admitted and conclusively establish the following: (1) Petitioner knew and understood his obligation to pay Federal income taxes. (2) During the two years in issue, petitioner earned $29,519.45 and $22,216.65, respectively, and also received unemployment compensation of $1,041 and $966 for 1981 and 1982, respectively. (3) Petitioner refused to cooperate with respondent during the examination of his return by refusing to produce his books and records. (4) Petitioner filed a false W-4 form for each of the years in issue. (5) Petitioner failed to file Federal income tax returns or pay the taxes due for each of the years in issue. As a consequence of filing false withholding statements, petitioner rendered the withholding mechanism inoperative. Combined with his failure to file tax returns, petitioner effectively evaded payment of the income tax he owed for the years in issue. While failure to file a return is not by itself conclusive evidence of fraud, it is a factor worthy of consideration, especialy when coupled with the submission of false W-4 Forms. Rowlee v. Commissioner,80 T.C. 1111, 1124-1125 (1983); *341 Habersham-Bey v. Commissioner,78 T.C. 304 (1982). In addition, by failing to cooperate with respondent in producing his books and records, petitioner forced respondent's agents to determine the sources and amounts of his income. Hebrank v. Commissioner,81 T.C. 640, 642-43 (1983), affd. per order (11th Cir., Mar. 26, 1985). In our judgment, the facts set forth above clearly and convincingly establish petitioner's fraud with intent to evade tax.Therefore, we hold that respondent has carried his burden of proof with regard to the section 6653(b) additions to tax. [5]
Finally, we must decide whether damages should be awarded under section 6673. Section 6673, as amended, and as applicable to this case, provides as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 *342 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. When this Court, in its discretion, determines that a proceeding has been instituted or maintained primarily for delay or that a taxpayer's position in a proceeding before this Court is frivolous or groundless, damages up to $5,000 can be awarded to the United States. We conclude on the record in this case that petitioner's position in this proceeding is both frivolous and groundless and that this proceeding was instituted by him primarily for delay. Petitioner's refusal to pay the filing fee resulted in our sustaining respondent's determinations on the issues with respect to which petitioner has the burden of proof. Petitioner failed to appear at the trial and has never addressed the substantive issues in this case which relate to the correct determination of his income and deductions for the years in issue. Instead, petitioner has asserted that he is not a "person" for purposes of the Internal Revenue Code and that his labor constitutes *343 "property." Such naked assertions involve frivolous, discredited and meritless issues that have resulted in a needless delay in this proceeding, and the unwarranted waste of valuable governmental and judicial resources. Cf. Abrams v. Commissioner,82 T.C. 403 (1984); McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Wilkinson v. Commissioner,71 T.C. 633 (1979). Petitioner of course had every right to contest respondent's alegations with regard to the section 6653(b) additions to tax for fraud, and exercising or failing to exercise this right cannot be a basis, either alone or in conjunction with other facts, for imposing damages pursuant to section 6673. But petitioner's frivolous allegations in his petition, coupled with his obvious indifference to the prosecution of his case, are evidence that this proceeding was instituted primarily to delay the payment of his taxes. He was advised by respondent that an award for damages would be requested and he was provided with cases clearly demonstrating the frivolous nature of his position. Furthermore, we note that petitioner has been before *344 this Court on a prior occasion where we saw fit to award damages to the United States under section 6673. In these circumstances, we think damages in the amount of $5,000 are appropriate and, therefore, damages in that amount will be awarded to the United States under section 6673. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
2. Unless otherwise indicated, all rule references are to the Tax Court Rules of Practice and Procedure.↩
3. See Corbitt v. Commissioner,T.C. Memo. 1984-586; Miller v. Commissioner,T.C. Memo. 1983-476; Hindman v. Commissioner,T.C. Memo. 1983-389↩. 4. We note that respondent has the burden of proving the facts necessary to establish an underpayment and may not rely upon petitioner's failure to produce evidence in order to carry his burden. Doncaster v. Commissioner,77 T.C. 334, 337-338↩ (1981).
5. See Marshall v. Commissioner,85 T.C. 267↩ (1985) (respondent's burden of proof sustained through facts deemed admitted pursuant to Rule 90(c)).