DONALD A. JENTZSCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jentzsch v. Commissioner
Docket Nos. 4339-85; 3784-86.
United States Tax Court
T.C. Memo 1987-513; 1987 Tax Ct. Memo LEXIS 509; 54 T.C.M. (CCH) 850; T.C.M. (RIA) 87513; September 30, 1987. Donald A. Jentzsch, pro se. Wesley F. McNamara, *510 for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: These cases are before the court on respondent's Motions for Summary Judgment filed August 7, 1987, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1] On September 17, 1987, petitioner filed objections to respondent's motions for summary judgment. Respondent, in his notices of deficiency, determined deficiencies in petitioner's Federal income taxes for 1975 through 1983 and additions to tax in the following respective amounts: Addition
Sec. 6653(b),
Sec. 6654,
Year
Deficiency
I.R.C. 1954
I.R.C. 1954
1975
$ 1,672.94
$   836.47
$ 102
1976
$ 2,478.00
$ 1,239.00
$  93
1977
$ 2,826.54
$ 1,413.27
$  97
1978
$ 4,552.75
$ 2,276.37
$ 133
1979
$ 5,469.07
$ 2,734.54
$ 217
1980
$ 5,017.60
$ 2,508.80
$ 320
1981
$ 9,075.00
$ 4,538.00
$ 699
1982
$ 8,666.00
$ 4,333.00
$ 845
1983
$ 1,489.00
$   745.00
$  91
The determination of the additions to tax for 1982 and 1983 included the additional interest *511 imposed by section 6653(b)(2). [2]
By orders dated June 18, 1986, the Court granted respondent's motions to dismiss for failure to state a claim upon which relief can be granted with respect to all of the income tax deficiencies and the section 6654 additions to tax. However, we must decide: 1. Whether petitioner is liable for the additions to tax for fraud under section 6653(b) for 1975 through 1983; and 2. Whether petitioner is liable for damages under section 6673 for instituting or maintaining these cases primarily for delay or for taking a frivolous or groundless position. The material facts in these cases are deemed admitted. Rule 37(c). In addition, petitioner failed to adequately respond to requests for admissions served by respondent pursuant to Rule 90 and, as a result, the facts set forth in the requests are deemed admitted. Freedson v. Commissioner,65 T.C. 333, 334-335 (1975), affd. on other issues 565 F.2d 954 (5th Cir. 1978). The admitted facts show that petitioner resided at 7307 Brooklake Road, N.E. *512 , Salem, Oregon 97305 at the time he filed his petition in this case. During 1965 through 1974, petitioner received wages and had Federal income taxes withheld from his wages. Petitioner filed returns for each of those years. However, during the years in issue, 1975 through 1983, petitioner received wages from various employers yet failed to file Federal income tax returns and failed to pay any income taxes. During each of the years 1975 through 1983, prior to the due date for filing of income tax returns, petitioner received a Form W-2 from his then current employer. Each Form W-2 accurately stated petitioner's wages and showed that no Federal income tax was withheld from his wages. During each of the years 1975 through 1983, petitioner claimed exemption from the withholding of Federal income taxes on all of his Forms W-4 except one. His Form W-4 filed with one employer claimed 30 exemption allowances. Based on those Forms W-4, petitioner's employers withheld no Federal income taxes from his wages. The gross wages earned by petitioner for 1975 through 1983 are as follows: Year
Gross Wages
1975
$ 17,167.64
1976
$ 19,182.64
1977
$ 20,368.52
1978
$ 23,962.92
1979
$ 27,484.18
1980
$ 26,224.18
1981
$ 27,742.93
1982
$ 30,555.00
1983
$  6,444.00
*513 In 1983 petitioner was convicted of willful failure to file Federal income tax returns for 1977, 1978, 1979, and 1980 in violation of section 7203. In the same year, 1983, petitioner was convicted of willfully submitting in 1980 a false Form W-4 to his employer in violation of section 7205. In his petition and reply to respondent's answer, petitioner claims that he was not required to file tax returns. He contends that wages do not constitute income and that the tax laws set forth in the Internal Revenue Code are unconstitutional because they tax the source rather than the income. Petitioner further contends that by revoking his Social Security number he has somehow made himself not subject to the tax laws. On numerous occasions petitioner refused to discuss his Federal income taxes with the Internal Revenue Service (IRS) and to comply with IRS discovery requests. Respondent advised petitioner by a letter dated August 12, 1986, that the arguments that petitioner had raised to that date were considered by respondent to be frivolous and of the type that would subject him to liability for damages under section 6673. Respondent contends that petitioner's failure to file returns *514 coupled with his filing of false Forms W-4 with his employers during the years in issue constitute fraud, and that petitioner is liable for the addition to tax under section 6653(b).[3] We agree. There is no genuine dispute as to any material issue of fact and respondent is entitled to have his motions for summary judgment granted. See Doncaster v. Commissioner,77 T.C. 334, 337 (1981). The 50-percent addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell,303 U.S. 391, 401 (1938). Respondent has the burden of proving, by clear and convincing evidence, that some part of an underpayment was due to fraud. Sec. 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended *515 to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. Failure to file tax returns, without more, is not proof of fraud; such omission may be consistent with a state of mind other than the intention and expectation of defeating the payment of taxes. However, failure to file returns for an extended period is "persuasive evidence of an intent to defraud the government." Stoltzfus v. United States, supra at 1005. In these cases, petitioner failed to file returns for 1975 through 1983, an extended period. See Beaver v. Commissioner,55 T.C. 85, 93 (1970). Petitioner's failure to file income tax returns for 1975 through 1983 does not stand alone. His filing of income tax returns for 1965 through 1974 shows clearly that he knew of his obligation to report his income and to pay taxes. Moreover, in 1983, he was convicted criminally for willful failure to file returns for taxable years 1977, *516 1978, 1979, and 1980 in violation of section 7203. At least for those years, the record is clear that his failure to file returns was deliberate, and the record shows that the pattern of his actions for all the years in controversy was the same. In the papers filed with the Court, petitioner has argued at length that the Internal Revenue Code is unconstitutional and that he is free from the obligation of filing returns and paying taxes. These tax protestor arguments have been rejected by this Court in multitudes of cases and the papers he has filed with the Court imply that he knew the courts had rejected the arguments he presented. Thus, "his failure to file returns must be viewed, in this context, as an attempt to conceal his noncompliance rather than as a test of the laws that he claims he believed were unconstitutional or unjust." Rowlee v. Commissioner,80 T.C. 1111, 1126 (1983). Furthermore, petitioner submitted the false Forms W-4 to his employers. For one of those forms, he was convicted of knowingly submitting false information to his employer in connection with the withholding of Federal income tax on his wages. The filing of false withholding certificates *517 provides "additional affirmative indications of his motivation" to evade the payment of taxes. Rowlee v. Commissioner, supra at 1126. Thus, where there is a failure to file and where respondent has shown unreported income on which withholding has been prevented by submitting false Forms W-4, we have repeatedly held that fraud has been established by clear and convincing evidence justifying the imposition of the addition to tax under sec. 6653(b). See e.g., Rowlee v. Commissioner, supra at 1123-1126; see also Hebrank v. Commissioner,81 T.C. 640 (1983); Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1982). We reach the same conclusion in this case. To determine petitioner's tax liability for the 9 years before the Court, respondent has been compelled to expend time and effort in reconstructing petitioner's income which he sought to conceal and determining the amount of his tax. This is the kind of expenditure for which section 6653(b) was designed to compensate. Helvering v. Mitchell,303 U.S. 391, 401 (1938). *518 We now turn to respondent's motion that we impose damages pursuant to section 6673. Section 6673 provides that if proceedings have been instituted or maintained primarily for delay or if the taxpayer's position therein is frivolous or groundless, "damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision." In his petition and reply to respondent's answer, petitioner failed to present any facts showing that respondent's determinations in the notices of deficiency were erroneous. Thus, he implicitly admitted that he had income in the amounts determined by respondent and that he had filed Forms W-4 containing representations that he was exempt from tax. To justify his position, petitioner argues that wages are not income, that by rescinding his Social Security number he has made himself immune to the internal revenue laws, and that the Internal Revenue Code is unconstitutional. Petitioner here had every right to contest respondent's allegations regarding the section 6653(b) additions to tax for fraud without the imposition of damages pursuant to section 6673. However, petitioner did not attempt to show that he did not *519 try to defraud the Government. Despite his criminal convictions, which must have informed him as to the requirements of the law, he merely repeated his tax protester arguments in opposing the fraud determinations. These arguments are frivolous. Based upon the conclusion that these cases were brought primarily for delay and that petitioner's position if frivolous, this Court awards damages in the amount of $ 5,000 to the United States, $ 2,500 in each docket. To reflect the foregoing, Appropriate orders and decisions will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. ↩
3. Sec. 6653(b) provides, in relevant part, as follows: If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * ↩