CHARLES R. WATERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Waters v. Commissioner
Docket No. 13437-87.
United States Tax Court
T.C. Memo 1988-95; 1988 Tax Ct. Memo LEXIS 116; 55 T.C.M. (CCH) 304; T.C.M. (RIA) 88095; March 2, 1988. *116 R made affirmative allegations in his Answer to support fraud under section 6653(b). P's Reply and Amended Response failed to expressly admit or deny many of R's affirmative allegations. Held, under Rule 37(c) the affirmative allegations set forth in R's Answer not expressly admitted or denied in the Reply or Amended Response are deemed admitted. Held further, R's Motion for Summary Judgment is granted and P is liable for the deficiencies in tax and for the additions to tax under section 6653(b) and section 6654 as determined by R. Held further, damages under section 6673 imposed. Charles R. Waters, pro se. Thomas E. Ritter and Will E. McLeod, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Chief Judge: This case was assigned to Special Trial Judge Peter J. Panuthos for the purpose of hearing, consideration, and ruling on respondent's Motion for Summary Judgment, filed herein. [1] *117 After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment, filed September 15, 1987. Petitioner's Objection to Respondent's Motion for Summary Judgment was filed on November 19, 1987 and a hearing was held on this matter at a Motions Session of the Court held in Washington, D.C. on November 25, 1987. Respondent, in his notice of deficiency, dated March 3, 1987, determined deficiencies and additions to tax for the taxable years 1978 through 1981 as follows: Additions to Tax
Year
Deficiency
Section 6653(b)
Section 6654(a)
1978
$ 16,218,85
$  8,109.43
--
1979
$ 24,725.60
$ 12,362.80
$   764.23
1980
$ 24,096.54
$ 12,048.27
$ 1,540.07
1981
$ 23,163.26
$ 11,581.63
$ 1,363.87 Respondent determined that petitioner failed to file returns for the years in issue. Accordingly, the primary adjustments in the notice of deficiency relate to respondent's determination that petitioner failed to report wages and other income for the years 1978, 1979, 1980 and 1981. The petition was filed on May 18, 1987. [2] In his Answer, *118 filed July 13, 1987, respondent made affirmative allegations that the underpayment of tax for the years in issue was due to fraud. In the alternative, respondent also made claim for the additions to tax under sections 6651(a) and 6653(a). On August 21, 1987, a document entitled Response to Respondent's Answer was filed as petitioner's Reply in this case. This two and one-half page document is unnumbered and unlettered and does not refer specifically to any of respondent's affirmative allegations. The allegations in the Reply, in fact, are similar to the kinds of allegations we have seen made on many prior occasions by "protestors". Attached to the Reply were various documents which are intended to support petitioner's position that he is not a taxpayer and not liable to pay a tax. For example, petitioner states "I was not a 'taxpayer' in the context of the progressive Federal income tax system." He further states, "I did not grant any right, title, or interest in any nature whatever, in or to the receipts from my services or labor." In his Motion for Summary Judgment, respondent argues that pursuant *119 to Rule 37(c), petitioner has not expressly admitted or denied the affirmative allegations in respondent's Answer, and accordingly, the affirmative allegations should be deemed admitted. By Order, dated October 27, 1987, a copy of respondent's motion was served on petitioner and petitioner was given until November 20, 1987 to file a proper Amended Reply. [3] A copy of Rule 37 was provided to petitioner by the Court. The Court further set the hearing on respondent's motion for November 25, 1987, and advised petitioner of the provisions of Rule 50(f). [4] *120 On November 19, 1987, petitioner's Amended Response to respondent's Answer was filed. [5] In this eight page document petitioner admits and denies various allegations in respondent's Answer and reiterates his protestor type allegations. Summary Judgment
Rule 121(a) provides that "Either party may move, with or without supporting affidavits, for a summary adjudication in his favor upon all or any part of the legal issues in controversy." Rule 121(b) provides that a decision shall be rendered if it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." See Naftel v. Commissioner,85 T.C. 527, 529 (1985); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). Petitioner failed to deny specifically many of the affirmative allegations in respondent's Answer. Rule 37(c) provides that "Where a reply is filed, every affirmative allegation set out in the answer and not expressly admitted or denied in the reply, shall be deemed to be admitted. [6] Accordingly, our findings of fact are based on the affirmative allegations in respondent's Answer which have either been *121 expressly admitted in the Reply and Amended Response, or deemed admitted under Rule 37(c). We must decide whether, based on the admitted facts, petitioner, as a matter of law, is liable for the deficiencies and additions to tax under sections 6653(b) and 6654(a) for the taxable years 1978 through 1981. [7]
The admitted facts reflect that petitioner received wages during the taxable years 1978 through 1981 and failed to file Federal income tax returns for those years. Petitioner was convicted of willful failure to file Federal income tax returns for 1978, 1979, 1980, and 1981 in violation of section 7203. Petitioner had filed Federal income tax returns for prior periods. Gross wages earned by petitioner for the taxable years 1978 through 1981 were as follows: Year
Amount
1978
$ 41,774
1979
$ 59,253
1980
$ 57,469
1981
$ 54,813
During *122 each of the years in issue, petitioner received W-2 Forms showing wages received from various employers. Petitioner improperly claimed exemption from withholding of Federal income taxes on Forms W-4 from some of his employers for some of the years in issue. The amount of deficiency determined, the amounts withheld, and the balance due are set forth as follows: Year
Deficiency
Amounts Withheld
Balance Due
1978
$ 16,218.85
$ 7,229.99
$ 8,988.86
1979
$ 24,725.60
$ 5,194.69
$ 19,530.91
1980
$ 24,096.54
-0-
$ 24,096.54
1981
$ 23,163.26
$ 1,441.27
$ 21,721.99
Petitioner failed to cooperate with agents of respondent in the determination of his Federal income tax liabilities for the taxable years in issue and refused to provide any books or records of his income or expenses. Petitioner's arguments that he is not a taxpayer, that he is not required to file returns, and that his wages do not constitute income are frivolous. Such arguments have been consistently rejected. Olson v. United States,760 F.2d 1003, 1005 (9th Cir. 1985); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Grimes v. Commissioner,82 T.C. 235, (1984); Rowlee v. Commissioner,80 T.C. 1111 (1983). [8] Accordingly, *123 there is no question but that as a matter of law respondent's determination of the deficiencies in tax should be sustained. Likewise, respondent's determination as to the additions to tax under section 6654 should be sustained. Grosshandler v. Commissioner,75 T.C. 1 (1980); Estate of Ruben v. Commissioner,33 T.C. 1071 (1960). With respect to the fraud additions under section 6653(b), respondent has the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affd. a Memorandum Opinion of this Court. [9]
While failure to file returns in and of itself is insufficient to prove fraud, such failure to file returns is evidence of an intent to defraud. Stoltzfus v. United States, supra at 1005. Petitioner's *124 filing of income tax returns for years prior to the years in issue shows that he knew of his obligation to file. In addition, he was convicted for willful failure to file returns for the taxable years 1978, 1979, 1980 and 1981. The failure to file Federal income tax returns, the fact of unreported wage income, petitioner's actions of improperly reducing and preventing the withholding of income, and the failure of petitioner to cooperate in the determination of his proper income, lead us to the conclusion that there is clear and convincing evidence justifying the imposition of the additions to tax under section 6653(b). See, e.g., Granado v. Commissioner,792 F.2d 91 (7th Cir. 1986); Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), affd. 749 F.2d 331 (6th Cir. 1984); Hebrank v. Commissioner,81 T.C. 640 (1983); Rowlee v. Commissioner, supra at 1123-1126; Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1982). [10]
While respondent has not sought damages under section 6673, we nevertheless consider whether such damages should *125 be imposed. Section 6673 provides that if proceedings have been instituted or maintained primarily for delay or if the taxpayer's position therein is frivolous or groundless, "damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision." In his petition, his Reply and Amended Response to Respondent's Answer, petitioner failed to allege facts showing that respondent's determinations were erroneous. Thus, he effectively admitted that he received the income in the amounts determined by respondent. [11] To support his position, petitioner argued that wages were not income and that he was not subject to the Federal income tax system. While we are normally reluctant to award section 6673 damages in fraud cases, the record in this case establishes that petitioner has had no interest in disputing either the deficiencies or additions to tax determined by respondent. Despite his criminal conviction for failure to file Federal income tax returns, he merely repeated his tax protestor arguments in his alleged dispute of the fraud determinations. [12]
Based on this *126 record, we are satisfied that the proceeding was instituted and maintained primarily for delay and that petitioner's position is frivolous. Carter v. Commissioner,784 F.2d 1006 (9th Cir. 1986); Larsen v. Commissioner,765 F.2d 939, 941-942 (9th Cir. 1985); Rowlee v. Commissioner, supra. Accordingly, we award damages in the amount of $ 5,000 to the United States. Decision will be entered for the respondent.
Footnotes
1. This case was heard pursuant to section 7456 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. 2. At the time of filing the petition herein, petitioner resided at Bonner, Montana. ↩
3. On September 30, 1987, the Court set respondent's motion for hearing on October 28, 1987. A letter, dated October 23, 1987, was filed as petitioner's Motion to Continue since it appeared that petitioner had changed his address and had not received a copy of respondent's motion. ↩
4. Rule 50(c) provides as follows: Attendance at Hearings: If a motion is noticed for hearing, a party to the motion may, prior to or at the time of such hearing, submit a written statement of his position together with any supporting documents. Such statement may be submitted in lieu of or in addition to attendance at the hearing. 5. Petitioner's Objection to respondent's Motion for Summary Judgment was filed on the same date.↩
6. Rule 37(c)↩ further provides that if no reply is filed, respondent's affirmative allegations will be deemed denied unless respondent files a motion. 7. If we determine that petitioner is not liable for the addition to tax under section 6653(b),then we must consider respondent's alternative allegation that petitioner is liable for additions to tax under section 6651(a) or section 6653(a)↩. 8. Baker v. Commissioner,T.C. Memo. 1978-60, affd. without published opinion 639 F.2d 787↩ (9th Cir. 1980). 9. See also Jentzsch v. Commissioner,T.C. Memo. 1987-513↩. 10. Based on this finding, we need not consider respondent's alternative pleading with respect to the additions to tax under sections 6651(a) and 6653(a). ↩
11. See Jentzsch v. Commissioner, supra.↩
12. See Janetzsch v. Commissioner, supra.↩