HOWARD S. LONG, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Long v. Commissioner
Docket No. 44815-85.
United States Tax Court
T.C. Memo 1987-493; 1987 Tax Ct. Memo LEXIS 489; 54 T.C.M. (CCH) 703; T.C.M. (RIA) 87493; September 28, 1987; As amended September 29, 1987 *489 Held, petitioner dismissed as to issues on which petitioner has burden of proof since petitioner's failure to comply with Court orders was due to direct willfulness or bad faith. Rule 104(c), Tax Court Rules of Practice and Procedure; Dusha v. Commissioner,82 T.C. 592 (1984). Held further, addition to tax for fraud determined. I.R.C. section 6653(b). Howard S. Long, pro se. James B. Martin, Jr. *490 , for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: This matter is before the Court on respondent's motions for the imposition of sanctions under Rule 104(c)[1] and dismissal for failure to properly prosecute. Respondent determined the following deficiencies: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654
Sec. 6661
1978
$ 9,633
$ 4,817
$ 307
$ 00
1979
8,438
4,219
351
--
1980
6,697
3,349
428
--
1981
8,699
4,350
668
--
1982
9,549
* 4,755
930
955
1983
9,743
* 4,872
596
974
1984
11,653
* 5,827
732
1,165
Petitioner resided at Wheatridge, Colorado, when he filed his petition. Procedural Background
Petitioner is a tax protester. He filed no returns for the years in question, although he had previously filed. His petition *491 asserts, among other things, that he submits his petition for redress under the Fifth Amendment of the Constitution, that if the Internal Revenue Service has a claim against him it should file suit and prove its claims, that the "Internal Revenue Service Clerk" lists in the deficiency notice "decimal figures" which purport to show that petitioner owes tax, that petitioner did not volunteer to self-assess himself for the years in question and that the Internal Revenue Code fails to define income. Beyond a general denial that he received any income, petitioner presents no substantive challenge to respondent's determination. On October 22, 1986, respondent served on petitioner a copy of respondent's Request for Admissions pursuant to Rule 90. Respondent filed the original with proof of service with the Court on October 27, 1986, as required by Rule 90(b). Pursuant to Rule 90(c), petitioner's response was due 30 days after service, November 21, 1986, but petitioner failed to respond. Consequently, under the Rule each matter contained in respondent's Request for Admissions is deemed admitted. Dahlstrom v. Commissioner,85 T.C. 812 (1985); see Cassidy v. Commissioner,T.C. Memo. 1986-133. *492 On November 24, 1986, respondent filed a Motion to Compel Production of Documents, reciting therein that petitioner had refused to confer informally with respondent's counsel to work out a stipulation of facts for trial (see Rule 91) so that respondent was forced to resort to formal discovery. On December 1, 1986, this Court issued a detailed three-page Order directing petitioner to comply with respondent's Production of Documents motion, pointing out that petitioner's various protester claims were totally without merit, citing, e.g., Charczuk v. Commissioner,771 F.2d 471 (10th Cir. 1985), affg. T.C. Memo. 1983-433, and in general warning petitioner that his continued failure to address the substantive tax issues in this case would likely lead to dismissal for failure to properly prosecute and entry of a decision against petitioner for the full amounts set forth in the notice of deficiency including the additions to tax on which petitioner has the burden of proof and the addition to tax on which respondent has the burden of proof. The Order also pointed out that Rule 90(f) (see also Rule 90(c)) provides that if the actions required by Rule 90 are *493 not taken, the matters which were the subject of the request are deemed conclusively established, and that the Court would not be inclined to relax the provisions of this Rule "if petitioner has not cooperated in preparing this case for trial." Petitioner's response to respondent's Motion to Compel was to file, on November 24, 1986, a "Notice to the Court" stating that he, petitioner, must "with much embarrassment" withdraw his petition since the Court's function, petitioner had discovered, is that of redetermining deficiencies and since petitioner is not a taxpayer there can be no deficiency. By Order dated December 5, 1986, the Court rejected the Notice and directed petitioner to comply with the December 1, 1986, Order. In this connection we have held, in Estate of Ming v. Commissioner,62 T.C. 519 (1974), that once a petition has been filed it may not be voluntarily withdrawn. At no time thereafter up to and including January 5, 1987, the date on which this case was called for trial, did petitioner make any responsible effort to comply with the Court's Orders. In one of several unresponsive documents which petitioner filed with the Court after the December *494 1 Order, this one filed January 5, 1987, and entitled Answers to Respondent's Supplemental Status Report, petitioner states that he is willing to state the facts for the Court but not under oath. Discussion
Petitioner has the burden of proof in this case as to the income tax deficiencies and the additions to tax under sections 6654 (Failure by Individual to Pay Estimated Income Tax) and 6661 (Substantial Understatement of Liability). Rule 142(a). Respondent has the burden of proof as to the additions to tax for fraud under section 6653(b). Section 7454(a); Rule 142(b). In his Motion to Compel Production of Documents, respondent moves that the Court impose an appropriate sanction under Rule 104(c) in the event of petitioner's failure to comply. One available sanction, if the Court finds that petitioner's failure to comply with a Court order is due to direct willfulness or bad faith, is dismissal of the petition. Dusha v. Commissioner,82 T.C. 592 (1984). Notwithstanding careful and detailed directions regarding compliance contained in the Court's December 1, 1986, Order, which as stated contained a specific warning as to the potential consequences *495 of noncompliance, petitioner has failed to produce the documents requested by respondent or explain in any meaningful way his failure to do so. Petitioner has also failed to comply with the Court's direction to make a meaningful effort to stipulate facts for trial. Petitioner has failed to comply with the above-mentioned Orders and has instead persistently reiterated frivolous claims of the type contained in his petition as detailed above. We accordingly find that petitioner's failure to comply with the Court's Orders of December 1, 1986, and December 2, 1986, was due to direct willfulness or bad faith. Dusha v. Commissioner, supra.The petition will be dismissed insofar as the issues on which petitioner has the burden of proof are concerned and a deficiency will be entered in the amounts determined by respondent for 1978 through 1984 in income tax and additions to tax under sections 6654 and 6661. Respondent has the burden of proof as to the addition to tax for fraud under Section 6653(b). Rule 142(b). Petitioner admits that he filed no returns for the years in question, giving as his reason that he was not a taxpayer as defined by him. He also admits *496 that he owned property from which he received rent ("I don't deny that those people gave me money"), but he denies that the rent is income because the Internal Revenue Code does not define income. Petitioner stated in open Court that these are his ideas and that no one else advised him. Pursuant to the matters deemed admitted by petitioner under Rule 90(c), petitioner has admitted that he received income from the following sources in the following amounts: General Electric
Year
Gross Rent
Pension Fund
1978
$ 36,140
--
1979
32,240
$ 2,092
1980
30,160
--
1981
33,280
1,893
1982
36,960
2,067
1983 [2]
39,760
2,083
1984
25,200
--
Petitioner has also admitted that in 1984 he received $ 67,068.28 from property owned and sold by him. Petitioner admitted (in 1986) that he had filed no tax returns since 1976. He stated at the hearing he agrees with the tax laws but that his right to privacy precludes any obligation on *497 his part to file returns or report income. The existence of fraud is to be determined from consideration of all the facts and circumstances. Stratton v. Commissioner,54 T.C. 255, 284 (1970). Fraud for purposes of section 6653(b) is an intentional wrongdoing motivated by a specific purpose to evade a tax known or believed to be owing. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968). The elements to be shown are an underpayment of tax and that some part of the underpayment was due to fraud. Plunkett v. Commissioner,465 F.2d 299, 303 (7th Cir. 1972). The deemed admitted facts clearly and convincingly show an underpayment. Petitioner knowingly and willfully failed to file returns commencing in 1977, although he had filed in the past. Notwithstanding his specious arguments about the definition of income and his failure to file due to his right to privacy, petitioner must have known that he, like all citizens, was required to file and pay Federal income tax. See Hebrank v. Commissioner,81 T.C. 640, 642 (1983). Petitioner admitted awareness of the income tax laws, but in effect, by relying *498 on empty and long-discredited arguments, simply did not choose to comply with the laws requiring the filing of returns and paying tax. The evidence shows that petitioner that petitioner intended to evade tax for all of the years from 1978 through 1984. Failure to file is not by itself conclusive evidence of fraud, see Habersham-Bey v. Commissioner,78 T.C. 304 (1982), but is a factor worthy of consideration when considered with other factors such as admitting the receipt of unreported income from various sources, with no credible reason advanced for failure to report. As noted, petitioner failed to respond to respondent's request for admission in which petitioner was asked to admit that he received substantial income from various sources over a number of years. Petitioner obviously had no credible basis upon which he could deny receipt of the income which he knew he had a duty to report. From this, we may reasonably infer that for the years in which it was received petitioner willfully intended to conceal his income by not filing tax returns on which he would have had to report the income, and that his belated "disclosed defiance" in the form of a tax protester *499 petition surfaced as a makeshift justification for his omissions only in response to their discovery by respondent. Cf. Zell v. Commissioner,763 F.2d 1139, 1144 (10th Cir. 1985), affg. T.C. Memo. 1984-152. [3]
We accordingly sustain respondent's determination of additions to tax for fraud for each of the years in question. An appropriate order will be issued and decision will be issued under Rule 155.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise noted, all section references are to section of the Internal Revenue Code in effect for the years in issue. ↩
*. 6653(b)(2) amount to be determined. ↩
2. In respondent's Request for Admissions, the word "1982" in paragraph 12 is a typographical error which should be 1983, since paragraph 10 also refers to 1982 gross rental income. ↩
3. We note that this case would be appealed to the 10th Circuit. ↩