JIMMY PAUL CLARK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clark v. Commissioner
Docket No. 1872-89
United States Tax Court
T.C. Memo 1991-496; 1991 Tax Ct. Memo LEXIS 545; 62 T.C.M. (CCH) 917; T.C.M. (RIA) 91496; October 1, 1991, Filed *545 Decision will be entered under Rule 155. P filed false Forms W-4 claiming exemption from Federal income tax and failed to file Federal income tax returns for the taxable years 1981 through 1986. P claims that his wages are not income. Held, P is liable for the deficiencies as set forth in R's notice of deficiency. Held further, P is liable for the additions to tax for fraud as set forth in the notice of deficiency. Held further, P is liable for the additions to tax for failing to file estimated tax with proper adjustments to reflect any withholding credits to which P is entitled under I.R.C. sec. 31. Held further, petitioner is liable for additions to tax for negligence and for failing to file a timely return for the taxable year 1981. Held further, R's motion for a penalty pursuant to I.R.C. sec. 6673 is granted. Jimmy Paul Clark, pro se. Richard L. Hunn, for the respondent. NIMS, Chief Judge. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6654
1981
$ 2,609
--
--
--
1982
2,580
$ 1,290
*
$ 156
1983
660
330
*
13
1984
1,586
793
*
290
1985
538
269
*
38
1986
1,797
1,348
*
33
*546 For the taxable year 1986, the additions to tax for fraud are codified under section 6653(b)(1)(A) and (B). (Section references are to the Internal Revenue Code as amended and in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.) In his answer, respondent asserts additions to tax for the taxable year 1981 as follows: Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
$652.25
$130.45
*
After concessions, the issues for decision are as follows: (1) Whether petitioner was required to file Federal income tax returns for the taxable years 1981 through 1986; (2) whether petitioner is liable for additions to tax under section 6654 for failing to pay estimated tax; (3) whether petitioner is liable for additions to tax for fraud; and (4) whether sanctions should be imposed against petitioner under section 6673. In the event the Court determines that petitioner is not liable for additions to tax for fraud, respondent asserts in the alternative additions to tax for negligence for all of the years in issue. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation *547 of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Houston, Texas, at the time he filed his petition. Petitioner is a tax protester. Although he has filed returns in the past and acknowledges that under the law he is required to file returns and pay Federal income tax, petitioner filed no returns for the years in issue. Likewise, petitioner admits that he did not file estimated tax returns during the period in question. Petitioner received wages during the years in issue from the following sources: Year
Source
Amount
1981
Partek Corp.
$ 16,114.90
1982
Butterworth, Inc.
16,919.35
1983
Butterworth, Inc.
1,753.13
Holiday Inn
2,581.74
Medical Directors, Inc.
1,984.83
Star Expansion Co.
1,827.00
1984
Star Expansion Co.
11,973.75
Grocer's Coupon Clearing House
1,930.50
1985
Villeroy & Boch, USA, Inc.
5,788.08
1986
Villeroy & Boch, USA, Inc.
15,470.72
Throughout the years in issue, petitioner executed and submitted Forms W-4 (Employee's Withholding Allowance Certificate) to his various employers claiming to be exempt from withholding for Federal income tax. Despite petitioner's claims for exemption and written *548 complaints to his employers, it appears that various amounts were nevertheless withheld from petitioner's pay. Petitioner's position, as set forth in his petition and trial memorandum, is that his wages do not constitute income, that he is not a "taxpayer" as defined in section 7701(a)(14) and that he has never consented to the jurisdiction of the Internal Revenue Service. OPINION Petitioner has the burden of proof in this case as to the income tax deficiencies and the additions to tax under section 6654 (Failure by Individual to Pay Estimated Income Tax). Rule 142(a). Based on the stipulations in this case, it is evident that petitioner, who earned wages during the years in issue and yet did not file tax returns, is liable for deficiencies in tax. The argument that wages are not income is without merit and has been repeatedly rejected by this Court and others. See, e.g., Hebrank v. Commissioner, T.C. Memo 1982-496, and cases cited therein. Likewise, petitioner's remaining contentions are merely frivolous tax protester rhetoric. Accordingly, the deficiencies for the taxable years 1981 through 1986 are sustained. In addition to the deficiencies, respondent determined *549 that petitioner is liable for additions to tax under section 6654 for failing to file quarterly estimated income tax returns. At trial, petitioner admitted that he did not pay estimated tax during the years in issue. Moreover, petitioner has failed to show that he falls within one of the computational exceptions provided for in section 6654(d). Thus, petitioner is liable for additions to tax under section 6654. However, it appears that several of petitioner's employers withheld tax from petitioner's wages. To the extent that the addition to tax under section 6654 is based on a percentage of the amount of the taxpayer's underpayment, it would appear that the additions to tax as specified in the deficiency notice must be computed taking the withheld amounts into consideration in computing the amount of petitioner's underpayment. Sec. 6654(g). The parties are directed to address this point under Rule 155. Respondent bears the burden of proof in respect of any increases in the amount of deficiency in dispute. Rule 142(a). The additions to tax for the taxable year 1981 were not set forth in the notice of deficiency and were raised for the first time in respondent's answer pursuant to section 6214(a). Accordingly, respondent bears the burden of proof in this issue. Respondent asserts that petitioner is liable for the addition to tax under section 6651(a)(1) for the taxable year 1981. Section 6651(a)(1) provides for an addition to tax unless the taxpayer's failure to file a timely return was due to reasonable cause and not willful neglect. Consistent with the facts as we found them in Clark v. Commissioner, T.C. Memo 1991-496, it cannot be said that petitioner's failure to file a timely return for 1981 was due to reasonable cause and not due to willful neglect. Petitioner was aware of his obligation to file Federal income tax returns and had filed returns in the past. Nevertheless, petitioner ignored his obligation to comply with Federal law requiring the filing of tax returns. Under these circumstances, petitioner's actions were not reasonable. Therrefore, respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1) for the taxable year 1981 is sustained. Respondent also maintains that petitioner is liable for additions to tax under section 6653(a)(1) and (2) for 1981. Section 6653(a)(1) and (2) provides for additions to tax if an underpayment of tax required to be shown on a return is due to negligence. Negligence is the lack of due care of failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985).
For the reasons stated in sustaining respondent's determination under section 6651(a)(1), we likewise conclude that petitioner is liable for the additions to tax for negligence under sections 6653(a)(1) and (2). Petitioner did not act reasonable under the circumstances, nor did petitioner make a bona fide effort to attempt to comply with his obligation to properly report and pay his Federal income tax. Respondent's determination that petitioner is liable for the additions to tax for negligence for the taxable year 1981 is sustained." Respondent has the burden of proof as to the additions to tax for fraud under section 6653(b). Rule 142(b). The existence of fraud is to be determined from consideration of all the facts and circumstances. DiLeo v. Commissioner, 96 T.C. 858, 874-875 (1991); Stratton *550 v. Commissioner, 54 T.C. 255, 284 (1970). Fraud for purposes of section 6653(b) is an intentional wrongdoing motivated by a specific purpose to evade a tax known or believed to be owing. Professional Services v. Commissioner, 79 T.C. 888, 930 (1982). The elements to be shown are an underpayment of tax and that some part of the underpayment is due to fraud. Hebrank v. Commissioner, 81 T.C. 640, 642 (1983). Although he filed returns in the past, petitioner admits that he filed no income tax returns for the years in question, giving as his reasons that his wages are not taxable income and that he is not a taxpayer as defined in section 7701(a)(14). Petitioner admitted at trial that he is aware that the law requires him to file Federal income tax returns and to pay Federal income taxes but that he disagrees with the law. While the mere failure to file a return is insufficient in and of itself to support a finding of fraud, see Habersham-Bey v. Commissioner, 78 T.C. 304, 312-314 (1982), it does represent conduct worthy of consideration when combined with other factors present in this case. Long v. Commissioner, T.C. Memo 1987-493. Specifically, petitioner knowingly *551 and willfully submitted false Forms W-4 claiming exemption from Federal withholding throughout the period in question. In short, we are convinced that petitioner deliberately disrupted the orderly process of tax collection and attempted to evade payment of a tax he knew he owed. Hebrank v. Commissioner, 81 T.C. at 643-644. In sum, respondent has proven by clear and convincing evidence that petitioner intended to evade tax. Accordingly, we sustain respondent's determination of additions to tax for fraud. Notably, our ruling with respect to the fraud issue renders moot respondent's alternative claim that petitioner is liable for additions to tax for negligence. Finally, respondent filed a motion prior to trial requesting that a penalty under section 6673 be imposed. Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous or groundless, that the proceeding was instituted or maintained primarily for delay, or that the taxpayer failed to pursue available administrative remedies, the Court in its discretion may impose a penalty against petitioner in an amount not in excess of $ 25,000. Sec. 6673(a) (as amended by sec. 7731 of the Omnibus Budget *552 Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2400). Petitioner's position in this proceeding is both frivolous and groundless. Needless to say, a taxpayer's disagreement with the tax laws does not provide a basis for failing to pay tax when due. In addition, petitioner relies on long-discredited arguments, such as the contention that wages are not income, to explain his failure to file returns for the years in issue. We find the circumstances sufficiently compelling to grant respondent's motion. Accordingly, we require petitioner to pay a penalty to the United States in the amount of $ 1,000 pursuant to section 6673. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on the deficiency.↩
*. 50 percent of the interest due on the deficiency.↩